Clyde Moffett a/k/a Mikal M.A. Malik, an inmate housed in a correctional facility within the state of Alabama, appeals from the denial by the Jefferson Circuit Court, Bessemer Division ("the trial court") of his petition for a writ of mandamus to Betty Stevenson,[1] William E. Donaldson Correctional Facility; Roma Robinson, William E. Donaldson Correctional Facility; Paul Whatley III, Director of Classification, Alabama Department of Corrections; and Betty Teague, Director of Records, Alabama Department of Corrections (collectively "the defendants"), requesting that those persons call him by his Islamic name, "Mikal M.A. Malik." For purposes of this opinion, we will refer to Clyde Moffett a/k/a Mikal M.A. Malik as "the inmate."
Because this appeal involves a procedural issue only, we omit a detailed discussion of the substance of the inmate's petition for a writ of mandamus. Suffice it to say that the inmate, proceeding pro se, filed the petition for a writ of mandamus in December 2003. The petition included a list of addresses of the defendants for service of process. Although the trial court entered an order on March 17, 2004, waiving the payment of the docket fee, there is no indication on the case action summary that the circuit clerk had the sheriff of Jefferson County attempt service on the defendants.
On August 20, 2004, the trial court entered a judgment denying the inmate's petition for a writ of mandamus. A notation on the case action summary entered on August 24, 2004, reads: "copy mailed to [the inmate] — defendants never served." The inmate appealed to the supreme court on September 20, 2004. This case was *Page 826 
transferred to this court by the supreme court, pursuant to §12-2-7(6), Ala. Code 1975.
On appeal, the inmate, proceeding pro se, contends that the trial court abused its discretion by dismissing his petition for a writ of mandamus. The inmate argues that the trial court failed to give him the required 14 days notice under Rule 4(b), Ala. R. Civ. P., before it dismissed his petition. The inmate claims that the circuit clerk negligently failed to serve the defendants within 120 days of his filing the petition and that the failure to serve the defendants was not the result of any act or omission amounting to an abandonment of the action on his part.
We note at the outset that although the trial court stated in its judgment that it denied the inmate's petition for a writ of mandamus, the effect of that judgment was in actuality a dismissal of that petition.
Rule 4, Ala. R. Civ. P., was amended, effective August 1, 2004, to include a new subdivision (b). The Committee Comments to Amendment to Rule 4 Effective August 1, 2004, state that "[s]ubdivision (b) is new to Alabama. It is borrowed from Fed.R.Civ.P. 4(m). The text is taken from the federal rule, except for the provisions for 14 days' notice[2]. . . . Former 4(b) is now 4.2(a)." Rule 4(b) provides, in pertinent part:
 "(b) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative, after at least fourteen (14) days' notice to the plaintiff, may dismiss the action without prejudice as to the defendant upon whom service was not made or direct that service be effected within a specified time; provided, however, that if the plaintiff shows good cause for the failure to serve the defendant, the court shall extend the time for service for an appropriate period."
(Emphasis added.) There is no Alabama case construing Rule 4(b).
 "`Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.'"
Blue Cross Blue Shield of Alabama, Inc. v. Nielsen,714 So.2d 293, 296 (Ala. 1998) (quoting IMED Corp. v. Systems Eng'gAssocs. Corp., 602 So.2d 344, 346 (Ala. 1992)). Although this case involves a rule of civil procedure and not a statute, the same principle applies. See Lewis v. State, 889 So.2d 623, 665
(Ala.Crim.App. 2003) (when interpreting a rule of procedure, the wording of the rule must be given its plain meaning). Based on the plain language of Rule 4(b), Ala. R. Civ. P., we hold that the trial court is required to give the plaintiff 14 days' notice before it dismisses an action against the defendants on whom service was not effected. The obvious purpose of the notice requirement is to give the plaintiff an opportunity to *Page 827 
show "good cause" to extend the time for service. Because the trial court failed to give the inmate the required notice in this case, we reverse the trial court's denial of the inmate's petition for a writ of mandamus and remand this cause for further proceedings consist with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur.
[1] At the trial court level, the inmate referred to "Betty Stevenson" also as "Betty Stevens." He also spelled her first name as "Bettye." On appeal, he refers to her as "Betty Stevenson," and the caption of the case on appeal has the name "Betty Stevenson."
[2] Rule 4(m), Fed.R.Civ.P., provides, in pertinent part:
 "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."
(Emphasis added.)