I respectfully dissent from the no-opinion affirmance in this case. First, I dissent because the Court is not issuing an opinion in this case and its decision turns on the application of Rule 4(b), Ala. R. Civ. P. This Court has not previously addressed the application of Rule 4(b), and the application of that rule certainly merits an opinion when it is the basis for dismissing a case. See Ex parte East Alabama MentalHealth-Mental Retardation Bd., Inc., 939 So.2d 1
(Ala. 2006) (noting, but not construing, Rule 4(b)), andMoffett v. Stevenson, 909 So.2d 824, 826
(Ala.Civ.App. 2005) (noting that no Alabama case has construed Rule 4(b)). I also dissent because I disagree with the Court's affirmance of the trial court's application of Rule 4(b) in this case.
Berry D. Coleman sued Gregg L. Smith, alleging legal malpractice, on May 5, 2005. Coleman sought compensatory damages of $2 million and punitive damages of $4 million. The facts underlying Smith's representation of Coleman also resulted in a determination by the Alabama State Bar that Smith had violated the Alabama Rules of Professional Conduct; the Alabama State Bar issued a public reprimand to Smith, which set out the facts as follows:
 "In March 2000, Smith was employed by [Coleman] to represent him in a discrimination suit arising out of [Coleman]'s termination from employment. In November 2000, Smith wrote a letter to the employer and made a demand for settlement. In December 2000, Smith received correspondence from opposing counsel denying the claim. However, Smith never discussed this correspondence with [Coleman]. Thereafter, Smith had many telephone conversations with [Coleman] regarding the status of his case. Smith indicated to [Coleman] that the matter was moving along and was looking promising. Smith further stated to [Coleman] that he expected a settlement soon. In early 2004, Smith became non-responsive to [Coleman]'s repeated requests for information about the status of his case. On May 24, 2004, [Coleman] filed a grievance with the Alabama State Bar. Repeated requests to Smith from the Alabama State Bar to respond to the grievance went unanswered. A subsequent investigation revealed that Smith never filed a claim with the EEOC [Equal Employment Opportunity Commission]. This should have been done within 180 days of the occurrence of discrimination. Furthermore, no suit was ever filed in any court by Smith on behalf of [Coleman]. Smith only responded to this grievance after repeated requests for information." *Page 1128 
Smith was served with process on July 3, 2006. On August 3, 2006, he filed a motion under Rule 4(b), Ala. R. Civ. P., seeking to dismiss Coleman's complaint based on insufficiency of service of process because the service had occurred more than 120 days after the filing of the complaint. On that same day, Coleman filed a motion for the entry of default and a default judgment. On August 29, 2006, the trial court denied the motion for entry of default and set Smith's motion to dismiss for a hearing on October 12, 2006. On October 18, 2006, the trial court issued an order granting Smith's motion to dismiss. In pertinent part, the trial court's order stated:
 "This action was filed on May 5, 2005. The plaintiff requested service upon the defendant by the sheriff. On June 16, 2005, the Sheriff of Jefferson County reported to the Court that he was unable to serve the complaint. That was filed in the Clerk's Office on June 21, 2005. No subsequent attempts were made to serve the defendant until over one (1) year later when he was served on July 3, 2006. In an attempt to avoid the failure to obtain service for over one (1) year, the plaintiff and the plaintiffs attorney contend that they were cooperating with the Alabama State Bar or the Birmingham Bar Association or both. The plaintiffs attorney and the plaintiff also contend that during this time, they did not know the location of Gregg Smith, a practicing attorney. Even if reasonably diligent efforts to serve the defendant were made and unsuccessful the plaintiff could have obtained service by publication. The attorney for the plaintiff was unable to explain why no further attempts were made and why service was not obtained by publication. The Motion to Dismiss filed by the defendant is GRANTED."
(Emphasis added.) Coleman filed a Rule 59(e), Ala. R. Civ. P., postjudgment motion, to alter, amend, or vacate the judgment on November 17, 2006; that motion was denied by operation of law on February 15, 2007, after the expiration of the 90-day period for the trial court to rule on the motion. See Rule 59.1, Ala. R. Civ. P.
In his appeal to this Court, Coleman presents a number of issues. These issues include:
 "2. Whether the trial court committed reversible error by granting Smith's motion to dismiss when Coleman had, under the facts and circumstances of this case, diligently; successfully; and, formally completed service of process on Smith, but not within the 120 days set forth under Rule 4(b) of the Ala. R. Civ. P.?
 "3. Whether the trial court committed reversible error by granting Smith's motion to dismiss on the grounds that Coleman did not obtain service on Smith by publication when Coleman could not have obtained service by publication under the applicable rules, but did obtain service of process on Smith, under the facts and circumstances of this case, by diligent; successful; and formal personal service, completed, but not within the 120 days set forth under Rule 4(b) of the Ala. R. Civ. P.?"
Coleman's brief at 6-7 (emphasis added). Thus, although Coleman expends the bulk of his argument on discussions of the nuances of serving process and the extent of his diligence in serving Smith, I conclude that Coleman has fairly presented this Court with the issue whether Rule 4(b) is properly construed to support the trial court's order dismissing Coleman's claim.
Rule 4(b) states:
 "(b) Time limit for service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the *Page 1129 
court, upon motion or on its own initiative, after at least fourteen (14) days' notice to the plaintiff, may dismiss the action without prejudice as to the defendant upon whom service was not made or direct that service be effected within a specified time; provided, however, that if the plaintiff shows good cause for the failure to serve the defendant, the court shall extend the time for service for an appropriate period. This subdivision does not apply to fictitious-party practice pursuant to Rule 9(h) or to service in a foreign country."
The Committee Comments to Amendment to Rule 4 Effective August 1, 2004, state:
 "Subdivision (b) is new to Alabama. It is borrowed from Fed.R.Civ.P. 4(m). The text is taken from the federal rule, except for the provisions for 14 days' notice and for fictitious-party practice."
In light of the fact that no Alabama cases have applied Rule 4(b) to analogous facts, this Court may find persuasive federal case authority construing the same language. "Federal cases construing the Federal Rules of Civil Procedure are persuasive authority in construing the Alabama Rules of Civil Procedure, which were patterned after the Federal Rules of Civil Procedure. Borders v. City of Huntsville,875 So.2d 1168, 1176 n. 2 (Ala. 2003)." Ex parte NovartisPharmaceuticals Corp., 975 So.2d 297, 300 n. 2 (Ala. 2007).
In my research with respect to Rule 4(m), Fed.R.Civ.P., the origin of our Rule 4(b), I have discovered no federal case that holds that a trial court might properly dismiss a claim where service has been accomplished later than 120 days after filingonce service has been perfected. That is, once service has been perfected, even though later than 120 days after filing, the federal courts do not appear to entertain motions for dismissal based upon Rule 4(m), Fed.R.Civ.P. I believe that this lack of authority is indicative of the view that Rule 4(m) implicitly requires that service not be perfected at that time the motion for dismissal is made. This construction of the rule is supported by the Supplemental Practice Commentary to Rule 4(m):
 "The unserved defendant is most likely to be the defendant who moves the dismissal. (The defendant could have found out about the pending action through a variety of means.) Or a duly served co-defendant might make the dismissal motion, with the argument that the unserved defendant is a party without whom the action should not proceed. See Rule 19."
The implication of the commentary and the strong implication of caselaw is that a precondition for a motion to dismiss under Rule 4(m), Fed.R.Civ.P., is that the dismissal is applicable to a defendant who has not been served. If a defendant has been served, then Rule 4(m) cannot apply to effect the dismissal of that defendant.
I conclude that this Court should expressly adopt the construction of Rule 4(b), Ala. R. Civ. P., the federal courts have implicitly given to Rule 4(m), Fed.R.Civ.P. Accordingly, I would hold that the trial court erred in dismissing Coleman's claim based upon Rule 4(b) because Smith had already been properly served. Once Smith was properly served, Rule 4(b) was not available as a basis for dismissing Coleman's claim. *Page 1130