THOMAS, Judge.
Larence Joseph Moore appeals from the trial court’s judgment dismissing his petition for a writ of habeas corpus because of his failure to effectuate service on the Alabama Department of Corrections (“DOC”). Moore filed his petition on July 16, 2009. The case-action-summary sheet does not reflect that DOC was ever served with the petition; however, that document reflects that Kim Thomas, who is listed as the attorney representing DOC, was sent a copy of the case-action-summary sheet after the trial court granted Moore’s request to proceed in forma pauperis.
On November 6, 2009, Moore filed an application for an entry of default. On December 18, 2009, the trial court entered an order requiring DOC to respond to Moore’s filings within 30 days. DOC filed a motion to dismiss Moore’s petition on *933 January 19, 2010. In its motion, DOC argued that -Moore’s petition was due to be dismissed pursuant to Rule 12(b)(5) and Rule 4(b), Ala. R. Civ. P., because Moore had not served DOC with a copy of the petition within 120 days, as required by Rule 4(b): Moore filed a response to DOC’s motion on January 27, 2010, in which Moore argued that he had personally mailed a copy of the petition to Thomas and that “the medical staff’ had mentioned the petition to Thomas. On February 9, 2010, the trial court dismissed Moore’s petition. Moore appealed to the Alabama Court of Criminal Appeals, which transferred the appeal to this court. We affirm.
Moore argues that the trial court erred by dismissing his petition for his failure to serve DOC within 120 days, as required by Rule 4. Moore asserts that, before the trial court could dismiss his petition, it was required to give him 14 days notice. The text of the rule does require notice of a dismissal for a failure to timely serve a defendant; however, the rule does not specifically prescribe a method by which such notice must be given. The text of the rule, in pertinent part, reads:
“(b) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative, after at least fourteen (14) days’ notice to the plaintiff, may dismiss the action without prejudice as to the defendant upon whom service was not made or direct that service be effected within a specified time; provided, however, that if the plaintiff shows good cause for the failure to serve the defendant, the court shall extend the time for service for an appropriate period.”
Rule 4(b).
Although most of subsection (b) was “borrowed” from Rule 4(m), Fed.R.Civ.P., see Moffett v. Stevenson, 909 So.2d 824, 826 (Ala.Civ.App.2005), the 14-day notice requirement contained in Rule 4(b) does not appear in the federal rule. Only one Alabama case, Moffett, has construed the 14-day notice requirement, and that case, although instructive, does not compel reversal of the dismissal of Moore’s petition.
In Moffett, this court concluded that a trial court must give a plaintiff 14 days’ notice before dismissing an action for lack of service on the defendant. Moffett, 909 So.2d at 826. We explained that the obvious reason for the 14-day notice requirement was to permit the plaintiff time to demonstrate good cause for an extension of the time for service. Id. at 826-27. Thus, in Moffett, we reversed the dismissal of the plaintiffs action because the trial court had not given the plaintiff the requisite 14-day notice. Id. at 827.
However, as noted above, Rule 4(b) does not require that the trial court give notice of an intent to dismiss an action for the failure to timely serve a defendant. Instead, the rule requires only that the plaintiff have 14 days’ notice before a trial court dismisses an action for a failure to timely serve a defendant. As DOC argues, its motion, in which it specifically referenced Rule 4(b) and argued that it had not been served with Moore’s petition, put Moore on notice, as of January 19, 2010, that his petition was subject to dismissal for a failure to serve DOC. Before the trial court ruled on DOC’s motion, Moore responded to that motion; however, he neither requested additional time to serve DOC nor asserted good cause for the failure to timely perfect service.
The basis for the reversal in Moffett is simply not present here. Unlike the plaintiff in Moffett, whose action was dismissed without' any notice that a dismissal was being considered, id. at 825, Moore was placed on notice more than 14 days before the entry of the trial court’s dismissal or *934 der that the petition might be subject to dismissal under Rule 4(b). The plaintiff in Moffett had no opportunity to present good cause for the failure to perfect service on the defendants and no opportunity to request additional time in which to perfect service. Id. In contrast, despite his quick response to DOC’s motion to dismiss, Moore failed to take advantage of his opportunity to demonstrate good cause for the failure of service or to request additional time in order to perfect service. Thus, we conclude that the trial court did not err when it dismissed Moore’s petition because Moore had received the requisite notice in the form of DOC’s motion to dismiss.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
MOORE, J., concurs in the result, with writing.