MOORE, Chief Justice.
Deborah Voltz, Jasmin Voltz, and Princess Turner (hereinafter referred to collectively as “the plaintiffs”) appeal from an order entered by the Montgomery Circuit Court dismissing their action against Cameron Leigh Dyess. We reverse and remand.

I.Facts and Procedural History

On November 1, 2012, the plaintiffs filed a complaint against Dyess in the Montgomery Circuit Court, alleging that Dyess had negligently and wantonly caused an automobile accident in which the plaintiffs were injured. The plaintiffs sought damages in excess of $50,000. On November 1, the plaintiffs attempted service of process on Dyess by certified mail. On February 12, 2013, this service of process was returned unclaimed. On February 21, 2018, the plaintiffs filed an amended complaint. On May 3, 2013, the plaintiffs attempted to serve the amended complaint on Dyess, this time through personal service by the sheriff.
On June 12, 2013, without giving notice to the plaintiffs, the trial court entered an order dismissing the case for lack of service. On the same date, the plaintiffs filed a motion to alter, amend, or vacate the order of dismissal. On June 25, 2013, the sheriff’s summons was returned indicating nonservice. Also on June 25, 2013, the trial court set a hearing for July 11, 2013, on the plaintiffs’ motion to alter, amend, or vacate. However, on July 1, 2013, the trial court entered an order denying the plaintiffs’ motion to alter, amend, or vacate. On July 12, 2013, the trial court entered a second order, again denying the plaintiffs’ motion. The order stated that on July 11, 2013, the date of the scheduled hearing, “[n]o one appeared.” On July 15, 2013, the plaintiffs filed a renewed motion to alter, amend, or vacate and a motion to permit service by a private process server. On July 18, 2013, the plaintiffs filed notice of appeal of the trial court’s dismissal of the case.

II.Standard of Review

“Before the adoption of our current Rule 4(b), [Ala. R. Civ. P.,] some Alabama cases evaluated a dismissal for insufficient service of process under Rule 41(b), Ala. R. Civ. P.” State Farm Fire & Cas. Co. v. Smith, 39 So.3d 1172, 1175 (Ala.Civ.App.2009). “Failure of a plaintiff to attempt to obtain service over the defendant within a reasonable time may amount to a failure to prosecute the action, warranting a dismissal of the case.” Crosby v. Avon Prods., Inc., 474 So.2d 642, 644 (Ala.1985); see also State v. Horton, 373 So.2d 1096, 1097 (Ala.1979) (same).
“The general rule, of course, is that a court has the inherent power to act sua sponte to dismiss an action for want of prosecution. However, because dismissal ... is such a drastic sanction, it is to be used only in extreme situations. Accordingly, this Court carefully scrutinizes any order terminating an action for want of prosecution, and it does not hesitate to set one aside when an abuse of discretion is found.”
Burdeshaw v. White, 585 So.2d 842, 847 (Ala.1991).

III.Analysis

The plaintiffs argue that the trial court exceeded its discretion by dismissing their case for lack of service of process when the trial court did not give them 14 days’ notice of its intent to dismiss for failure of service of process, pursuant to Rule 4(b), Ala. R. Civ. P. Rule 4(b) provides:
“If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative, after at least fourteen *427 (lk) days’ notice to the plaintiff, may dismiss the action without prejudice as to the defendant upon whom service was not made or direct that service be effected within a specified time; provided, however, that if the plaintiff shows good cause for the failure to serve the defendant, the court shall extend the time for service for an appropriate period.”
(Emphasis added.) Rule 4(b) was taken from Rule 4(m), Fed.R.Civ.P., “except for the provision[ ] for 14 days’ notice.” Committee Comments to Amendment to Rule 4 Effective August 1, 2004.[1]
We have noted that “Rule 4(b), Ala. R. Civ. P., allows for service of process up to, and in some instances beyond, 120 days after the plaintiff filed its complaint.” Ex parte East Alabama Mental Health-Mental Retardation Bd., Inc., 939 So.2d 1, 5 n. 6 (Ala.2006) (emphasis added). However, we have not had the opportunity to construe the 14-day-notice provision in Rule 4(b). The fundamental rule of construction for our rules of procedure is that “[tjhese rules shall be construed and administered to secure the just, speedy and inexpensive determination of every action.” Rule 1(c), Ala. R. Civ. P. “ ‘[W]hen interpreting a rule of procedure, we must give the wording of the rule its plain meaning.’ ” Lewis v. State, 889 So.2d 623, 665 (Ala.Crim.App.2003) (quoting J.W. v. State, 751 So.2d 529, 531 (Ala.Crim.App.1999)). In addition, the Alabama Rules of Civil Procedure “are to be construed liberally to effect the purpose of the rules.” B & M Homes, Inc. v. Hogan, 376 So.2d 667, 674 (Ala.1979) (emphasis added).
The notice provision in Rule 4(b) is unambiguous; we thus must give the wording of the rule its plain meaning and give effect to the clear purpose of the rule. Hogan, 376 So.2d at 674. We agree with the Court of Civil Appeals that “[t]he obvious purpose of the notice requirement [of Rule 4(b) ] is to give the plaintiff an opportunity to show ‘good cause’ to extend the time for service.” Moffett v. Stevenson, 909 So.2d 824, 826-27 (Ala.Civ.App.2005). See also Moore v. Alabama Dep’t of Corr., 60 So.3d 932, 934 (Ala.Civ.App.2010) (noting that 14 days’ notice gives “opportunity to present good cause for the failure to perfect service” and “opportunity to request additional time in which to perfect service”).
On November 1, 2012, the plaintiffs attempted to effect service through certified mail. On February 12, 2013, with the 120-day deadline for completing service approaching, the certified-mail receipt was returned, unclaimed. On May 3, 2013, over 180 days after filing suit, the plaintiffs attempted to effect in-person service through the sheriff’s office. On June 12, 2013, more than 210 days after the plaintiffs filed suit, the trial court dismissed the case for lack of service. Under Rule 4(b), the trial court may dismiss the action after 120 days if a plaintiff fails to perfect service.
Standing alone, the plaintiffs’ lengthy and unexplained delay might warrant the involuntary dismissal for lack of service pursuant to Rule 41(b), Ala. R. Civ. P. (permitting involuntary dismissal “[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court”). However, the trial court did not dismiss the plaintiffs’ action pursuant to Rule 41(b) for failure to prosecute. Under Rule 4(b), a failure to effect service within 120 days does not, alone, warrant summary dismissal absent at least 14 days’ notice. From our review of the record, we *428 find no indication that the trial court provided any notice at all to the plaintiffs before dismissing the action pursuant to Rule 4(b).
We hold, therefore, that a trial court is required to give plaintiffs at least 14 days’ notice before dismissing an action against a defendant on whom service was not effected. See Rule 4(b), Ala. R. Civ. P.; Moffett, 909 So.2d at 826 (“[TJhe trial court is required to give the plaintiff 14-days’ notice before it dismisses an action against the defendants on whom service was not effected.” (emphasis added)); and Moore, 60 So.3d at 933 (“[T]he text of the rule does require notice of a dismissal for a failure to timely serve a defendant.”).[2]
The trial court erred when it dismissed the action without giving at least 14 days’ notice to the plaintiffs that their case was subject to dismissal for failure to effect service. We reverse the order of dismissal and remand the case for further proceedings consistent with this opinion, including giving the plaintiffs an opportunity to show good cause to extend the time for service.
REVERSED AND REMANDED.
STUART, BOLIN, PARKER, MAIN, WISE, and BRYAN, JJ., concur.
MURDOCK and SHAW, JJ., dissent.

. The federal counterpart to Rule 4(b) allows a federal court to dismiss a case for lack of service "on motion or on its own after notice to the plaintiff.” Rule 4(m), Fed.R.Civ.P.

. We recognize that the Moore court held that the 14-day notice may be provided by an opposing party’s filings. See Moore, 60 So.3d at 933-34 ("[T]he rule does not specifically prescribe a method by which such notice must be given.... Moore had received the requisite notice in the form of [a] motion to dismiss.”). No facts in this case provided such constructive notice, so we give no opinion as to the Court of Civil Appeals’ interpretation of Rule 4(b) in Moore.