BRYAN, Judge.
 

 State Farm Fire
 
 &
 
 Casualty Company (“State Farm”), as subrogee of its insured, JC Propeller Service (“JC Propeller”), and JC Propeller appeal from the dismissal of their action against Aretha Smith. We reverse and remand.
 

 On December 29, 2008, State Farm and JC Propeller sued Smith, alleging that Smith had negligently caused an automobile to collide with a building owned by JC Propeller. On February 6, 2009, Smith filed a motion to dismiss, asserting insufficient service of process. That motion asserted that the summons and complaint had been left outside Smith’s house by the process server. The trial court held a hearing on Smith’s motion to dismiss; however, the record on appeal does not contain a transcript of that hearing. On March 16, 2009, 77 days after the complaint had been filed, the trial court, apparently having determined from the hearing that service on Smith had not been perfected, granted Smith’s motion to dismiss. State Farm and JC Propeller filed a postjudgment motion seeking to have the dismissal set aside, and that motion was denied by operation of law. State Farm and JC Propeller then appealed to this court.
 

 
 *1174
 
 On appeal, State Farm and JC Propeller argue that the trial court erred in dismissing their action for insufficient service only 77 days after the filing of the complaint. Rule 4(b), Ala. R. Civ. P., provides:
 

 “(b) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative, after at least fourteen (14) days’ notice to the plaintiff, may dismiss the action without prejudice as to the defendant upon whom service was not made or direct that service be effected within a specified time; provided, however, that if the plaintiff shows good cause for the failure to serve the defendant, the court shall extend the time for service for an appropriate period. This subdivision does not apply to fictitious-party practice pursuant to Rule 9(h) or to service in a foreign country.”
 

 Rule 4, Ala. R. Civ. P., was amended, effective August 1, 2004, to include the above-quoted version of Rule 4(b). The Committee Comments to Amendment to Rule 4 Effective August 1, 2004, state: “Subdivision (b) is new to Alabama. It is borrowed from Fed.R.Civ.P. 4(m). The text is taken from the federal rule, except for the provisions for 14 days’ notice and for fictitious-party practice.”
 
 [1]
 

 Neither this court nor our supreme court has directly addressed the issue whether Rule 4(b) precludes the dismissal of an action for insufficient service of process before the expiration of the 120-day
 

 period prescribed by that rule. However, our supreme court has noted in dicta that “Rule 4(b), Ala. R. Civ. P., allows for service of process up to, and in some instances beyond, 120 days after the plaintiff filed its complaint.”
 
 Ex parte East Alabama Mental Health-Mental Retardation Bd., Inc.,
 
 989 So.2d 1, 5 n. 6 (Ala.2006). As noted, our Rule 4(b) was adopted from Rule 4(m) of the Federal Rules of Civil Procedure with some changes that are not pertinent to this case. “Federal cases construing the Federal Rules of Civil Procedure are persuasive authority in construing the Alabama Rules of Civil Procedure, which were patterned after the Federal Rules of Civil Procedure.”
 
 Ex parte Novartis Pharms. Corp.,
 
 975 So.2d 297, 300 n. 2 (Ala.2007). In
 
 Henderson v. United States,
 
 517 U.S. 654, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996), the United States Supreme Court addressed whether the 120-day provision found in Rule 4(m), Fed. R.Civ.P., superseded a provision in a federal statute requiring service to be made “forthwith,” which indicates a far shorter period for service than 120 days. The United States Supreme Court stated that “Rule 4 of the Federal Rules of Civil Procedure allows 120 days to effect service of the summons and timely filed complaint, a period extendable by the court.” 517 U.S. at 656, 116 S.Ct. 1638. The
 
 Henderson
 
 Court further stated:
 

 “The apparent conflict [between the 120-day period found in Rule 4(m) and the ‘forthwith’ provision found in the federal statute] dissolves, the Govern
 
 *1175
 
 ment urges, if one reads Rule 4 as establishing not ‘an affirmative right to serve [a] complaint’ within 120 days, but only an outer boundary for timely service ....
 

 “We reject the Government’s view of the time the Federal Rules authorize for service. Reading Rule 4 in its historical context, we conclude that the 120-day provision operates not as an outer hmit subject to reduction, but as an irreducible allowance.”
 

 517 U.S. at 661, 116 S.Ct. 1638.
 

 Another federal court has stated: “Rule 4(m) says — implicitly, but with unmistakable clarity — that service is not required in federal court before ‘120 days after the filing of the complaint.’”
 
 Tillman v. Geor
 
 gia, 466 F.Supp.2d 1311, 1320 (S.D.Ga.2006). Thus, some federal cases have concluded that a motion to dismiss for insufficient service is premature if filed within 120 days of the filing of the complaint.
 
 See McGinnis v. Shalala,
 
 2 F.3d 548, 551 (5th Cir.1993) (“[Ujntil th[e] 120-day period has expired, any attempt to seek dismissal on the grounds of defective service clearly would be premature.”);
 
 Pippett v. Waterford Dev., LLC,
 
 166 F.Supp.2d 233, 236 (E.D.Pa.2001) (stating that a motion to dismiss for improper service was premature under Rule 4(m) when filed within 120 days of the filing of the complaint);
 
 A.C. v. Independent Sch. Dist. No. 152
 
 (Civil No. 06-3099, November 7, 2006) (D.Minn.2006) (not reported in F.Supp.2d) (same); and
 
 Cretu v. Chertoff
 
 (No. Civ.A. CV050590M, June 29, 2005) (W.D.La.2005) (not reported in F.Supp.2d) (stating that it would be premature to dismiss an action for lack of service before the expiration of the 120-day period prescribed by Rule 4(m)).
 

 Accordingly, we conclude that Rule 4(b), Ala. R. Civ. P., allows 120 days for service of process and that an action may not be dismissed for insufficient service before the expiration of the 120-day period. In this case, the trial court granted Smith’s motion to dismiss for insufficient service only 77 days after the complaint had been filed. Therefore, the trial court erred in dismissing the action before the expiration of the 120-day period.
 

 Before the adoption of our current Rule 4(b), some Alabama cases evaluated a dismissal for insufficient service of process under Rule 41(b), Ala. R. Civ. P., which provides for the involuntary dismissal of an action upon “failure of the plaintiff to prosecute or to comply with [the Alabama Rules of Civil Procedure] or any order of [the] court.”
 
 See State v. Horton,
 
 373 So.2d 1096, 1097 (Ala.1979) (stating that “[failure to serve process within a reasonable time may amount to a failure to prosecute” and may warrant a dismissal under Rule 41(b));
 
 Crosby v. Avon Prods., Inc.,
 
 474 So.2d 642, 644 (Ala.1985) (stating that failure to attempt to perfect service within a reasonable time may amount to failure to prosecute an action, warranting a dismissal);
 
 Hill v. Hawkins,
 
 582 So.2d 1105, 1106 (Ala.1991) (same);
 
 Coulter v. Stewart,
 
 726 So.2d 726, 728 (Ala.Civ.App.1999) (same); and
 
 Reynolds v. Reynolds,
 
 491 So.2d 968 (Ala.Civ.App.1986) (affirming a judgment dismissing an action more than nine months after the complaint has been filed when the plaintiff had failed to serve the defendant).
 

 “ ‘[A] dismissal with prejudice [under Rule 41(b) for lack of prosecution] is a harsh sanction and should be used only in extreme circumstances....
 

 “ ‘In Aabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff.’ ”
 

 
 *1176
 

 Burdeshaw v. White,
 
 585 So.2d 842, 847 (Ala.1991) (quoting
 
 Selby v. Money,
 
 403 So.2d 218, 220 (Ala.1981)).
 

 With the adoption of the current Rule 4(b), if a plaintiff fails to perfect service within 120 days, a trial court may now dismiss an action without prejudice pursuant to that rule.
 
 [2]
 
 However, in extreme circumstances, a trial court, pursuant to Rule 41(b), may dismiss with prejudice an action for failure to effect service after the 120-day window prescribed by Rule 4(b) has expired.
 
 See O’Rourke Bros. v. Nesbitt Burns, Inc.,
 
 201 F.3d 948, 953 (7th Cir.2000) (“‘If the delay [in obtaining service] has been so long that it signifies failure to prosecute — or if the delay entails disobedience to an order to the court — then dismissal may be with prejudice under Rule 41(b).’ ” (quoting
 
 Powell v. Starwalt,
 
 866 F.2d 964, 966 (7th Cir.1989))); 4B C. Wright and A. Miller,
 
 Federal Practice and Procedure
 
 § 1137 (3d ed.2002) (stating that, when service has not been perfected within the 120-day period and a district court has granted multiple extensions, “a district court may well have to decide between dismissing the plaintiffs action with prejudice under Federal Rule 41(b) and dismissing it without prejudice under Federal Rule 4(m)”); and
 
 Wagner v. Ashcroft,
 
 214 F.R.D. 78 (N.D.N.Y.2003) (evaluating under both Rule 4(m) and Rule 41(b) whether an action should be dismissed when a greater than three-year period elapsed without the plaintiff perfecting service).
 

 State Farm and JC Propeller cite caselaw discussing Rule 41(b) in arguing that the trial court erred in dismissing their case. However, the dismissal for insufficient service occurred within 120 days of the filing of the complaint. We note that, even if Rule 4(b) were not dis-positive in this case, the record does not establish “ ⅛ clear record of delay, willful default or contumacious conduct by the plaintiff,’ ”
 
 Burdeshaw,
 
 585 So.2d at 847, required to dismiss an action under Rule 41(b).
 

 Because the trial court dismissed the action before the expiration of the 120-day period prescribed by Rule 4(b), the dismissal was premature. Therefore, we reverse the judgment, and we remand the case to the trial court for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . On August 1, 2004, Rule 4(m), Fed.R.Civ.P., provided, in pertinent part:
 

 "(m) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.”
 

 Rule 4(m) was subsequently amended, effective December 1, 2007; that amendment did not substantially change the rule.
 

 [2]
 

 . We note, however, that Rule 4(b) provides that, "if the plaintiff shows good cause for the failure to serve the defendant, the court shall extend the time for service for an appropriate period.”