SHAW, Justice.
Jennifer Precise, administrator ad litem of the estate of Khamora Witherspoon, and Mioka Witherspoon, as mother and next friend of Khamora Witherspoon, the plaintiffs below, appeal from a summary judgment in favor of Harvey Edwards, M.D.; Thomas Rosenstiel, M.D.; Steve Alen, M.D.; Obstetrics and Gynecology of West Aabama, P.C.; Julie Vaughn, M.D.; Tuscaloosa Pediatrics, P.C.; DCH Health System; Beth Boothe, R.N.; and Shawna Garcia, R.N., the named defendants, as to the plaintiffs’ wrongful-death claim alleging medical malpractice. We affirm.

Facts and Procedural History

Khamora Witherspoon, the infant decedent, was born on September 7, 2006, and died on September 20, 2006. Amost two years later, on September 7, 2008, the plaintiffs filed the underlying wrongful-death action in the Tuscaloosa Circuit Court, alleging that Khamora died as the result of the combined negligence of the named defendants. At the time of filing, the plaintiffs indicated that they were opting to conduct service by a process server. See Rule 4(i)(l), Aa. R. Civ. P. Specifically, the final page of the plaintiffs’ complaint stated that each named defendant was to be served by a process server and listed the respective addresses of the named defendants.
It is undisputed that all the named defendants were served by process server on January 16, 2009, over four months after the complaint was filed, at the addresses listed on both the complaint itself and on the individual summonses generated at the time the complaint was filed.[1] Amost immediately following service, the defendants separately filed motions to dismiss the complaint or, in the alternative, for a summary judgment on grounds including, but not limited to, the fact that the action was barred by the applicable statute of limitations. See Johnson v. Brookwood Med. Ctr., 946 So.2d 849, 858 (Ala.2006) (“It is well established that the two-year limitations period found in § 6-5A10, Aa.Code 1975, for asserting wrongful-death actions (and not § 6-5-482, Aa.Code 1975, the medical-malpractice limitations period) applies to wrongful-death cases alleging medical malpractice.”). Specifically, the defendants contended that, despite the fact that the plaintiffs filed their complaint before the expiration of the applicable statute of limitations, the plaintiffs, because they *230 lacked the requisite intent to serve the defendants, in effect, failed to “commence” this action before the statute of limitations expired on September 20, 2008. In support of their motion, the defendants relied on the summonses.
The plaintiffs filed a response in opposition to the defendants' motions in which they attempted to distinguish the cases cited in the motions. The plaintiffs further asserted that the acknowledged delay in service, in and of itself, was insufficient to support the entry of a summary judgment for the defendants. However, the plaintiffs offered no evidence in support of their opposition, nor did they actually explain the 131-day delay in service. Instead, they merely attempted to distinguish the authorities cited by the defendants.
Following a hearing, the trial court granted all pending summary-judgment motions based on the defendants’ statute-of-limitations arguments. Specifically, the trial court held that the record indicated a lack of the required bona fide intent by the plaintiffs to have the defendants immediately served.
The plaintiffs subsequently filed a motion to alter, amend, or vacate the trial court’s order in which they contended that the trial court failed, pursuant to Rule 4(b), Ala. R. Civ. P., to give the plaintiffs 14 days’ notice to allow them to provide good cause for the delay in service before entering the summary judgment. In support of their postjudgment motion, the plaintiffs submitted two affidavits attempting to demonstrate good cause for the delay. The trial court, following a hearing, struck the submitted affidavits as untimely evidentiary material filed in opposition to the defendants’ summary-judgment motions. In that same order, the trial court denied the plaintiffs’ postjudgment motion. The plaintiffs appealed.

Standard of Review

“ ‘ “This Court’s review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala.2004). In making such a determination, we must review the evidence in the light most favorable to the non-movant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce ‘substantial evidence’ as to the existence of a genuine issue of material fact. Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); Ala. Code 1975, § 12-21-12. ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871 (Ala.1989).” ’
“Prince v. Poole, 935 So.2d 431, 442 (Ala.2006) (quoting Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala.2004)).”
Brown v. W.P. Media, Inc., 17 So.3d 1167, 1169 (Ala.2009).

Discussion

The filing of a complaint commences an action for purposes of the Ala *231 bama Rules of Civil Procedure but does not “commence” an action for purposes of satisfying the statute of limitations. Pettibone Crane Co. v. Foster, 485 So.2d 712 (Ala.1986). See also Dunnam v. Ovbiagele, 814 So.2d 282 (Ala.2001); Maxwell v. Spring Hill Coll, 628 So.2d 385, 336 (Ala.1993) (“ ‘This Court has held that the filing of a complaint, standing alone, does not commence an action for statute of limitations purposes.’ ” (quoting Latham v. Phillips, 590 So.2d 217, 218 (Ala.1991))). For statute-of-limitations purposes, the complaint must be filed and there must also exist “a bona fide intent to have it immediately served.” Dunnam, 814 So.2d at 237-38.
The trial court’s summary-judgment order contained the following findings:
“The court in Dunnam [v. Ovbiagele, 814 So.2d 232 (Ala.2001),] noted that what is required to ‘commence’ an action under Rule 3[, Ala. R. Civ. P.,] for statute of limitations purposes is ‘both the filing of a complaint and a bona fide intent to have it immediately served.’ Dunnam, 814 So.2d at [237-38]. The court further noted that the question of whether such a bona fide intent existed at the filing of the complaint is to be determined by an objective standard. Id. at 238. Applying that standard to Dr. Marco [one of the defendants] (whose address was known to the plaintiff), the court stated:
“ ‘[W]hen the complaint was filed on January 2, 2000, Dunnam had an address at which Dr. Marco could be served, and Dr. Marco was in fact served at that address on May 5, 2000. We are provided with no explanation, beyond an explanation of misunderstanding and oversight on the part of one of the assistants, as to why Dun-nam did not attempt to effect service at that address on January 2, 2000. We conclude that Dunnam’s failure in this regard, viewed objectively, evidences a lack of the required bona fide intent to have Dr. Marco immediately served.’
“Id. at 238-9.
“This Court finds that the same situation exists here. The Plaintiff[s] had the addresses of the various Defendants, had the summonses to be sent with a copy of the complaint, and actually served the Defendants at those addresses 131 days after filing the complaint. Although the Plaintiff[s] provided the addresses to the clerk here at the time of filing — which was not done in Dun-nam — that is a distinction without a difference since the Plaintiff[s], here, assumed the burden of service by process server. In Dunnam and here, something more was required by the Plaintiffs] after the filing of the complaint. In Dunnam, addresses had to be provided to the clerk to facilitate service. Here, a process server had to be secured to actually ... serve the summons and complaint.. The fact that so much time passed before that ‘something more’ was done evidences a lack of intent to immediately serve at filing. In the view of this Court, holding on to the clerk-issued summonses for 131 days before serving them (as here) is tantamount to withholding from the clerk a known address for 114 days (as in Dun-nam).
“Because the Plaintiffs] assumed the responsibility of serving the summons and complaint by process server, this case is different than Ex parte East Alabama Mental Health[-Mental Retardation Bd., Inc., 939 So.2d 1 (Ala.2006) ]. In that case, the plaintiffs request for certified mail placed the burden of service on the clerk under Rule 4(i)(2)(B), Ala. R. Civ. P, as was noted by the *232 court. Nothing more was required under the rule. Indeed, the court concluded that because the plaintiff requested certified mail service, the plaintiff ‘did all that was required by the Rules of Alabama Civil Procedure to facilitate service[,]’ Ex parte East Alabama Mental-Health, 939 So.2d at 5, when he provided addresses of the defendants. That is a different situation than here. Had [these] Plaintiff[s] requested service by certified mail or personal service by sheriff, the outcome here would be different. Instead, because no service was made, or apparently attempted, for 131 days, this Court concludes that, viewed objectively, the record indicates a lack of the required bona fide intent to have the Defendants immediately served.
“Accordingly, the summary judgment motions of all Defendants are granted and this action is dismissed.”
(Emphasis original.)
On appeal, the plaintiffs contend that the facts of this case are more analogous to Ex parte East Alabama Mental Health-Mental Retardation Board, Inc., 939 So.2d 1 (Ala.2006), which they maintain requires a reversal of the trial court’s judgment in this case and that Dunnam, upon which the trial court relied, is distinguishable. We disagree.
As noted by the trial court, in Dunnam, the plaintiff, Dunnam, filed an action against three defendants. Dunnam possessed the address of one of the defendants, Dr. Marco, but did not have reliable addresses for the other two defendants. When the plaintiff ultimately supplied the circuit clerk with the addresses for the defendants — some 114 days after the complaint was filed — the circuit clerk mailed the complaint and summonses to all three defendants. Although this Court held that it was unclear whether the plaintiff had an intent to serve the two defendants whose addresses were unknown, we specifically held that there was no intent to serve Dr. Marco:
“However, when the complaint was filed on January 2, 2000, Dunnam had an address at which Dr. Marco could be served, and Dr. Marco was in fact served at that address on May 5, 2000. We are provided with no explanation, beyond an explanation of misunderstanding and oversight on the part of one of the assistants, as to why Dunnam did not attempt to effect service at that address on January 2, 2000. We conclude that Dunnam’s failure in this regard, viewed objectively, evidences a lack of the required bona fide intent to have Dr. Marco immediately served.”
Dunnam, 814 So.2d at 238-39. Even though the complaint was served on Dr. Marco within the time for service stated in Rule 4(b), Ala. R. Civ. P., the unexplained delay nevertheless evidenced a lack of intent to commence the action at the time it was filed.
East Alabama Mental Health also involved service by certified mail. The plaintiff there, unlike the plaintiff in Dun-nam, provided the proper addresses to the clerk for service by mail. The plaintiff went through the necessary steps of providing the clerk with the “summonses for service upon the defendants” and with the “necessary documents or information” for service of process. 939 So.2d at 2, 5. However, the particular practice of the clerk’s office of the Lee Circuit Court was to provide certified-mail cards for counsel to mail the summonses and complaints. Rule 4(i)(2), Ala. R. Civ. P., actually provided that the clerk would “mail the summonses and complaints,” and not the plaintiff, who in that case had “d[one] all that was required by the Rules of Alabama Civil Procedure to facilitate service.” 939 *233 So.2d at 5. Nevertheless, the circuit clerk’s procedure had “apparently shifted the responsibility for mailing the summonses and complaints” to the plaintiff. 939 So.2d at 5.[2] The plaintiff ultimately delayed two and one-half months before mailing the complaints, and the defendants sought a writ of mandamus directing that the case be dismissed. We held that, under the more rigid mandamus standard of review, although the plaintiffs tardiness “may ” be evidence of a lack of intent, because the plaintiff, under the facts of that case, made all the various efforts required by the rule to effectuate service by certified mail short of performing the clerk’s duty to place the summonses in the mail, the defendants had not established a clear legal right to relief.
Both Dunnam and East Alabama Mental Health indicate that a delay in serving the defendant can show the lack of intent to have the defendant served. East Alabama Mental-Health, 939 So.2d at 5 (noting that the plaintiffs delay “may be some evidence indicating that, at the time he filed the complaint, he lacked the intention to immediately serve the summons and complaint”); Dunnam, 814 So.2d at 239 (holding that the plaintiffs failure to “attempt to effect service at [the defendant’s] address” at the time the complaint was filed, “viewed objectively, evidence[d] a lack of the required bona fide intent to have [the defendant] immediately served”). The distinction between the two, besides the difference in the standards of review, is found in the fact that in East Alabama Mental Health the plaintiff performed all the tasks required by rule to effectuate service and wás tardy only in performing one of the tasks that by law was placed on the circuit clerk: placing the summonses in the mail. On the other hand, in Dun-nam, the plaintiff did less than what was required to provide service of process and was tardy in performing his own duty: actually providing the clerk with Dr. Marco’s address for mailing the summons. These two cases are not inconsistent, and the following rule can be drawn from the reasoning in both: “a bona fide intent to have [an action] immediately served” can be found when the plaintiff, at the time of filing, performs all the tasks required to serve process. This was the situation in East Alabama Mental Health. On the other hand, when the plaintiff, at the time of filing, does not perform all the tasks required to effectuate service and delays a part of the process, a lack of the required bona fide intent to serve the defendant is evidenced.
The instant case involves service by process server, not by certified mail.[3] The plaintiffs elected this procedure and undertook the duty to obtain a process server. At the time of filing, and for over four months thereafter, the plaintiffs failed to do so. Like the plaintiff in Dunnam, the plaintiffs here were tardy in performing the steps required of them to effectuate service. This unexplained failure to perform tasks required to effectuate service at the time of filing, “viewed objectively, evidences a lack of the required bona fide intent to have [the defendants] immediately served.” 814 So.2d at 239. This lack of intent was unrebutted in the trial court.
*234 Additionally, the plaintiffs make numerous arguments regarding whether they were entitled to an extension of time to serve their complaint under Rule 4(b), Ala. R. Civ. P. However, the summary judgment is premised on the plaintiffs’ failure to commence the action for statute-of-limitations purposes; Rule 4(b) is immaterial to this analysis. The plaintiffs’ arguments that the trial court erred with respect to this issue are without merit.

Conclusion

The plaintiffs have not demonstrated that the trial court erred in entering a summary judgment in favor of the defendants; therefore, the judgment of the trial court is affirmed.
AFFIRMED.
LYONS, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
MURDOCK, J., concurs in the result.
COBB, C.J., dissents.

. The record reflects that there were no unsuccessful service attempts on any of the named defendants between the date the complaint was filed and January 16, 2009.

. Rule 4(i)(2)(B), as it existed in 2004, stated that ”[t]he clerk shall ... place the sealed envelope in the United States mail....” Subsequent amendments to the rule in 2008 added the procedure now found in Rule 4(i)(2)(B)(ii), which allows counsel to mail the summonses for the clerk.

. Because this case involves service by process server, the fact that the plaintiffs knew and disclosed the defendants’ addresses to the circuit clerk is irrelevant — the circuit clerk was not charged with a responsibility to act on those addresses.