PER CURIAM.
ENT Associates of Alabama, P.A. (“ENT 'Associates”), and A. Craig Chapman, M.D. (“Dr.Chapmán”); and Baptist Ventures, Inc., d/b/a Montgomery Surgical Center, LLP (“MSC”), the defendants below, separately appeal, pursuant to Rule 5, Ala. R.App. P,, from the Montgomery Circuit Court’s interlocutory order denying their motions for a summary judgment. We have consolidated the appeals for the purpose of writing one opinion. For the reasons set forth herein, we reverse and remand.
Facts and Procedural History
On April 11, 2011, Lauryn Diane Hoke received medical care from Dr. Chapman, ENT Associates, and MSC (hereinafter referred to collectively as “the defendants”). On April 10, 2013, one day shy of two years after she was provided medical care by the defendants, Hoke filed a medical-malpractice claim against the defendants in the Montgomery Circuit Court. In her complaint, Hoke alleged that the defendants deviated from the acceptable standard of medical care when, despite being aware of the fact that she was allergic to latex, they failed to provide a latex-free environment during both her surgery’ and her recovery and that, as a result, she suffered a severe allergic reaction that caused serious injuries, The ’complaint was signed by John M. Loeschen as “counsel for plaintiff.” On the complaint, an asterisk appears after Loeschen’s signature with a note below his address, which was in Roanoke, Virginia, that states: “motion pro hac vice to follow.” The complaint includes a certificate of service, again signed by Loeschen, that states: “I certify that on the [first] day of April, 2013, I filed the foregoing complaint with the Clerk of this Court.” The name or signature of an attorney licensed to practice law in Alabama does not appear on the complaint. However, it.is undisputed that the complaint was filed electronically by an attorney licensed to practice law in Alabama, Benjamin Pool. The complaint did not include the addresses of the defendants or any instructions to the circuit clerk for service of process.
On June 4, 2013, approximately 55 days after Hoke’s complaint was filed, Loeschen filed a verified application for admission to practice under Rule VII of the Rules Governing Admission to the Alabama State Bar. In his application, Loeschen identified Pool as “local counsel of record associated with applicant.” Also included in his application were the name and current address of each of the defendants.. The application contained Pool’s verification that he “con *211 sent[ed], as local counsel of record, to' the association of applicant in this cause pursuant to Rule VII of the Rules Governing Admission to the Alabama State Bar.” Pool signed this verification on June 4, 2013. The record indicates that the defendants were served the complaint on June 18, 2013, approximately 69 days after the complaint was filed.
On June 28, 2013, Dr. Chapman and ENT Associates filed a motion to strike the complaint and a motion to dismiss. On July 10, 2013, MSC also filed a motion to dismiss. The defendants argued that the complaint was signed and filed by an out-of-state attorney who had not been admitted to appear pro hac vice as an attorney in Alabama and that, under Rule VII, the complaint was a nullity and due to be stricken. Furthermore, they argued that because the two-year statute of limitations that applied to Hoke’s medical-malpractice action had expired, see § 6-6-482, Ala. Code 1976, the case was due to be dismissed in its entirety with prejudice. The defendants argued that, because, they said, Hoke did not have a bona fide intent to serve the defendants at the time her complaint was filed, the filing of the complaint did not commence the action for statute-of-limitations purposes.. The defendants argued that Hoke had failed to provide the circuit clerk with the defendants’ addresses within the summons for service of process and had failed to give the clerk any instructions as to how to proceed with service of process. Attached to the motions to dismiss was the summons for each defendant dated April 10, 2013, that showed the address for each defendant as “unknown.”
. On July 22, 2013, Hoke filed a motion to amend her complaint seeking to “include local counsel’s signature line which was inadvertently omitted from [her] original complaint filed on April 10, 2013.” The amended complaint is identical to the original complaint except that only Pool’s name and signature appear on the complaint. The complaint does not mention Loeschen or a pending motion for his admission pro hac vice. Hoke also filed a response to the defendants’ motions to dismiss. Hoke contended that, pursuant to Rule 4(b), Ala. R. Civ. P., she had “120 days to effectuate service of process” upon the defendants. Additionally, Hoke argued that it could not be disputed that her complaint was actually filed, via “AlaFile,” the Alabama judicial system’s electronic-filing system, by Pool, an Alabama attorney, and that the electronic-filing system “ensures compliance with Rule VII” because it “prevents a foreign attorney from filing a complaint because the system will not accept a ‘log in’ from an attorney who is not licensed by the Alabama State Bar and who is not registered for AlaFile.” Hoke attached the summonses generated when she filed her complaint, which listed Pool as her attorney.
The defendants responded to Hoke’s argument and attached a letter from Pool to Dr. Chapman dated June 21, 2013, that stated, in pertinent part:
“Please be advised that, as an Alabama attorney, I have been asked to sponsor an out-of-state attorney whose name is John M. Loeschen, with regard to a lawsuit that was recently filed in Montgomery County, Alabama, in which you, and several entities, are named as defendants. At this time, no decision has been made as to whether I will be participating in these proceedings. Accordingly, you should have your malpractice carrier contact Mr. Loeschen directly.”
The defendants argued that this letter makes clear that Pool was not associated as local counsel for Loeschen in April 2013 when Hoke’s complaint was filed. The defendants also filed an objection to *212 Hoke’s motion to amend her complaint to allow it to reflect Pool as Hoke’s counsel.
During a hearing on July 29, 2013, the circuit court notified the parties that the defendants’ motions to dismiss would be treated as motions for a summary judgment, and the court gave Hoke 10 days to provide evidence to support her position. On July 30, 2013, the circuit court granted, over the objection of the defendants, Loes-chen’s application to be admitted pro hac vice.
Hoke subsequently filed with the circuit court the following additional evidence to support her contention that Pool was always her attorney of record and that she had the intent to serve the defendants immediately at the time the complaint was filed: an affidavit from Loeschen; an affidavit from Pool; the cover sheet generated when the complaint was electronically filed, which includes Pool’s “attorney code” and his electronic signature; a copy of the case-action summary, which lists Pool as Hoke’s attorney in the medical-malpractice action; the summonses generated when the complaint was filed, which list Pool as the attorney who filed the complaint; and a receipt generated by AlaFile and sent to Pool’s registered e-mail address confirming that Hoke’s complaint had been electronically filed.
In his affidavit, Loeschen testified that he “engaged attorney Pool as associate local counsel prior to filing ... Hoke’s complaint”; that he knew that Pool had to file the complaint and that there was “no question” that Pool was going to file the complaint and do so before the statute of limitations ran; that Loeschen’s “signature was on the complaint to illustrate that [he] sought to be admitted pro hac vicé but it was [his] intention and expectation that ... Pool’s signature would be on the complaint as well”; however, “through oversight or inadvertence, the complaint was filed without ... Pool’s signature.” Regarding service of the complaint, Loeschen testified that he told the Montgomery Circuit Court clerk’s office that he was going to use a process server for service of process; that he understood Rule 4(b), Ala. R. Civ. P., as allowing him 120 days to effect service of process on the defendants; that he “viewed it as being appropriate to effectuate service after the verified application [for admission to practice pro hac vice] was filed because of the requirements of Rule VII governing foreign attorneys”; that he initially completed his verified application on May 7, 2013, but, at Pool’s direction, made necessary changes to the application so that it was not completed until June 4, 2013; and that the defendants were served on June 18, 2013.
In his affidavit, Pool testified that Hoke’s complaint was filed through his office, using his log-in name and password for the AlaFile system; that “it was mere oversight or clerical error that [his] electronic signature did not appear on the complaint”; and that- “he was associated by ... Loeschen as local counsel prior to the filing of the complaint.” Regarding the letter he sent to Dr. Chapman on June 21, 2013, Pool stated that, “[although the wording of the letter is not exemplary, ... the clear intent and purpose of the letter was to have the [defendants]’ malpractice carriers contact Mr. Loeschen directly regarding any possible settlement negotiations.” Pool further testified that there was never any intent to “delay or hinder service” of process to the defendants. Although Pool attempted in his affidavit to distinguish the cases on which the defendants relied to demonstrate that there was no bona fide intent to serve the complaint immediately at the time it was filed, he did not attempt to explain why he failed to take any action to serve the defendants in light of the fact that he was associated as *213 local counsel at the time of the filing of the complaint.
On September 9, 2013, Loeschen filed a second affidavit with the circuit court stating that he had associated Pool as local counsel “[a] few months prior to filing the complaint” and that he was unaware, at the time the complaint was filed, that the complaint did not contain Pool’s signature as local counsel for Hoke.
On August 27, 2015, the circuit court denied the defendants’ motions for a summary judgment. On September 14, 2015, the circuit court, pursuant to Rule 5, certified two controlling questions of law:
“1. Whether this action is barred by the two-year statute of limitations as set forth in Alabama Code 1975, § 6-5-482, on the ground that the Complaint was a nullity because it was filed in violation of Rule VII of the Rules Governing Admission to the Alabama Bar where (a) the complaint was filed by a foreign attorney that had not filed a verified application to appear as counsel pro hac vice and (b) no attorney licensed in Alabama was identified on the complaint as local counsel.
“2. Whether this action is barred by the two-year statute of limitations as set forth in Alabama Code 1975, § 6-5-482, on the ground that the plaintiff did not have a bona fide intent to serve the defendants at the time that the complaint was filed as evidenced by (a) the plaintiff’s failure to provide neither an address for service of process for any party nor any instructions to the clerk for serving the [defendants] and (b) the plaintiffs unexplained delay in excess of two months in serving the defendants with the summons and complaint.”
The defendants timely filed petitions for' permission to appeal pursuant to Rule 5. This Court consolidated the petitions; we subsequently granted the petitions on December 17, 2015.
Discussion
“In conducting our de novo review of the question presented on a permissive appeal, ‘this Court will not expand its review ... beyond the question of law stated by the trial court. Any such expansion would usurp the responsibility entrusted to the trial court by Rule 5(a)[, Ala. R.App. P.].’” State Farm Mut. Auto. Ins. Co. v. Brown, 26 So.3d 1167, 1168 (Ala.2009) (quoting BE&K, Inc. v. Baker, 875 So.2d 1185, 1189 (Ala.2003)).
Because we conclude that the answer to the second certified question is dispositive of the appeals, we pretermit discussion of the first question. The defendants contend that Hoke’s action is barred by the applicable two-year statute of limitations because, at the time the complaint was filed, she lacked the bona fide intent to have the complaint immediately served on the defendants.
“Although Rule 3, Ala. R. Civ. P., states that ‘[a] civil action is commenced by filing a complaint with the court,’ this Court has held that the filing of a complaint is not the sole factor in determining when an action is ‘commenced.’ A major function of Rule 3, Ala. R. Civ. P., is to identify, with certainty, the specific time when a civil action is initiated. The filing of a complaint is, therefore, a significant factor in commencing an action and suspending the operation of the applicable statute of limitations; however, it is not the sole factor. Ward v. Saben Appliance Co., 391 So.2d 1030, 1032 (Ala. 1980).”
Ex parte East Alabama Mental Health-Mental Retardation Bd., Inc., 939 So.2d 1, 3 (Ala.2006).
“The filing of a complaint commences an action for purposes of the Alabama *214 Rules of Civil Procedure but does not ‘commence’ an action for purposes of satisfying the statute of limitations. Pettibone Crane Co. v. Foster, 485 So.2d 712 (Ala.1986). See also Dunnam v. Ovbiagele, 814 So.2d 232 (Ala.2001); Maxwell v. Spring Hill Coll., 628 So.2d 335, 336 (Ala.1993) (“‘This Court has held that the filing of a complaint, standing alone, does not commence ah action for statute of limitations purposes.” ’ (quoting Latham v. Phillips, 590 So.2d 217, 218 (Ala.1991))). For statute-of-limitations purposes, the complaint must be filed and there must also exist ‘a bona fide intent to have it immediately served.’ Dunnam, 814 So.2d at 237-38.”
Precise v. Edwards, 60 So.3d 228, 230-31 (Ala.2010) (some emphasis added). The question whether such a bona fide intent existed at the time the complaint was filed must be determined by an objective standard. Id. at 233.
The question certified to this Court by the circuit court is phrased to ask whether, as a matter of law, Hoke did not possess the required bona fide intent to immediately serve the defendants at the time she filed her complaint in light of the facts (a) that she did not provide the clerk with the defendants’ addresses for service at 'that time or otherwise give the clerk instructions as-to how to serve the defendants and (b) that she did not explain the 69-day delay in serving the defendants with the summons and complaint. In Precise, this Court held that
“ ‘a bona fide intent to have [an action] immediately served’ can be found when the plaintiff, at the time of filing, performs all the tasks required to serve process.... On the other hand, when the plaintiff, at the time of filing, does not perform all the tasks required to effectuate service and delays, a part of the process, a lack of the required bona fide intent to serve the defendant is evidenced.”
60 So.3d at 233.
The defendants argue that Hoke did not perform any of the tasks required to serve process on any of the defendants when she filed her complaint.' It is undisputed that Hoke did not provide the address of any of the defendants to the circuit clerk at the time she filed her complaint; however, it is also undisputed that Loeschen informed the clerk that Hoke was electing to serve the defendants by use of a process server. See Rule 4(i)(l), Ala. R. Civ. P. Hoke was not required to provide the address of each defendant to the circuit clerk at the time she filed her complaint in order to effectuate service by process server. See Precise, 60 So.3d at '233 n. 3 (noting that, because the case involved service by process server, the fact that the plaintiff provided the address of the defendants to the circuit clerk was irrelevant). However, because Hoke elected to use á process server, she “undertook the duty to obtain a process server.” Id. at 233. There is no evidence in the record indicating that Hoke made any effort to obtain a process server at' the time she filed her complaint, or that she “performed all the tasks required to servé process” at the time of filing. Precise, 60 So,3d • at 233. Both Loeschen’s and Pool’s affidavits are silent as to what efforts they made to have the defendants served at the time the complaint was filed.[1]
*215 Hoke contends that, by informing the circuit clerk that the complaint would be served by process server, s.he “did all that was required under the Rules [of Civil Procedure], short of handing the summonses and complaint to the process server to be served, which is sufficient.” Hoke’s brief, at 20. To support this proposition, she cites East Alabama Mental Health, supra. In that case, when the plaintiff filed his complaint in the circuit court, he also filed with the circuit clerk summonses for service upon the defendants, requesting service by certified mail. The circuit clerk issued the summonses and certified-mail cards and gave the documents to plaintiffs counsel so that plaintiffs counsel could mail the summonses and complaints to the defendants. . The defendants received service by certified mail over two and one-half months after the plaintiff filed his complaint. The defendants moved for a summary judgment, arguing that the action was not commenced within the applicable statute of limitations because, although the complaint was timely filed, the plaintiff had made no attempt to serve the summonses and complaint on the defendants until 'more than two and one-half months after the statute of limitations had expired. After the trial court denied the defendants’ motion, they petitioned this Court for a writ of mandamus. .
This Court held that the evidence suggested that, by providing the clerk with the necessary documents or information so that the summonses could be issued by the clerk, the plaintiff intended to serve process upon the defendants and that the plaintiff had done “all that was required by the Rules of Civil Procedure to facilitate service, short of placing the summonses and complaints in the mail.”' East Alabama Mental Health, 939 So.2d at 5. In that regard, however, we noted that because the plaintiff elected to serve the defendants by certified mail pursuant to Rule 4(i)(2)(B), Ala. R. Civ. P., the clerk was responsible for mailing the summonses and complaint to the defendants but that the circuit clerk had shifted that responsibility to plaintiffs counsel. We further concluded that the plaintiffs delay in actually placing the summonses and complaint in the mail “may be some evidence indicating that, at the time he filed the complaint, he lacked the intention to immediately serve the summons and complaint,” but that, “without more, [the plaintiffs delay] does not sufficiently demonstrate that [the defendants] met [the] heavy burden” in a mandamus proceeding to show that they had a clear legal right to relief. Id.
The present case is distinguishable from East Alabama Mental Health. First, this case, by Loeschen’s undisputed testimony, does not involve a request for service by certified mail, which, as discussed above, would have placed a burden on Hoke to provide the defendants’ addresses to the clerk. Instead, it is undisputed that Loes-chen elected to serve the defendants using a process server. However, the record is silent as to any steps taken by Loeschen or Pool to effectuate service on the defendants by means of a process server at the time the complaint was filed. Thus, unlike the circumstances in East Alabama Mental Health, there is no evidence in the record to suggest that Hoke intended to serve process upon the defendants at the time the complaint was filed. Although delay may not be evidence, in and of itself, of a lack of a bona fide intent to immediately serve the complaint at the time it is filed, delay in conjunction with the absence of evidence of any steps taken by the plaintiff to effectuate service at the time of filing the complaint is evidence of a lack of a bona fide intent to immediately serve the complaint. Precise, 60 So.3d at 233. Ac *216 cordingly, Hoke’s failure to take any step to effectuate service on the defendants as required by the Alabama Rules- of Civil Procedure at the time she filed her complaint evidences a lack of a bona fide intent to immediately serve the defendants.
Additionally, the defendants argue that. Hoke’s explanation for the delay in service evidences a lack of a bona fide intent to immediately serve the defendants at the time the complaint was filed.[2] In his affidavit, Loeschen stated:
“At no time did I advise the clerk of court to hold, wait, or delay service of process. I did not obstruct or in any way engage in any dilatory tactics to delay service upon the [defendants], I had no reason to do so: I was not relying on the clerk’s office for service. To the contrary, during my review of the Rules of Civil Procedure, I understood that Ala. R. Civ. P., 4(b) provides for service of process within 120 days after filing the [c]omplaint. In order to ensure timeliness, I viewed it as being appropriate to effectuate service after the verified application [for admission pro hac vice] was filed because of the requirements of Rule VII governing foreign attorneys, and I anticipated that the filing would occur well within the 120 day time frame in which to complete service, which in fact it did.”
Additionally, both Pool and Loeschen testified that Pool had been associated as local counsel for Loeschen before the complaint was filed. However, as noted above, the record is silent as to why Pool—assuming he was associate local counsel at the time the complaint was filed—made no effort to effectuate service upon the defendants at the time the complaint was filed. Accordingly, the only explanation for the delay in attempting to effectuate service upon the defendants at the time Hoke’s complaint was filed is Loeschen’s testimony that he intentionally delayed any attempt to effectuate service upon the defendants until after he filed his application for admission pro hac vice—a process that took nearly two months to accomplish. Thus, the evidence demonstrates that Hoke, acting through her attorneys, did not have a bona fide intent to immediately serve the complaint at the time it was filed.
In her brief to this Court, Hoke contends that the delay in service does not evidence a lack of a bona fide intent to immediately serve the defendants at the time the complaint was filed because, pursuant to Rule 4(b), Ala. R. Civ. P., she had 120 days to serve the defendants. Rule 4(b) provides:
“(b) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative, after at least fourteen (14) days’ notice to the plaintiff, may dismiss the action without prejudice as to the defendant upon whom service was not made or direct that service be effected within a specified time; provided, however, that if the plaintiff shows good cause for the failure to serve the defendant, the court shall extend the time for service for an appropriate period. This subdivision does not apply to fictitious-party *217 practice pursuant to Rule 9(h) or to service in a foreign country.”
Hoke contends that because the defendants were served 69 days after the complaint was filed, well within the 120-day limit for service set forth in Rule 4(b), the delay in service does not evidence a lack of intent to immediately serve the defendants. Hoke relies on State Farm Fire & Casualty Co. v. Smith, 39 So.3d 1172 (Ala.Civ.App.2009), to support her argument.
. In that case, the plaintiffs sued the defendant on December 29, 2008. On February 6, 2009, the defendant filed a motion to dismiss asserting insufficient service of process; specifically, the defendant alleged that the summons and complaint had simply been left outside her home. On March 16, 2009, the trial court dismissed the plaintiffs’ action after concluding that the defendant had not been properly served. On appeal, the plaintiffs argued that “the trial court erred in dismissing their action for insufficient service only 77 days after the filing of the complaint.” Smith, 39 So.3d at 1174. The Court of Civil Appeals discussed authority from federal courts interpreting Rule 4(m), Fed. R. Civ. P., the federal counterpart to Rule 4(b), and noted that “some federal cases have concluded that a motion to dismiss for insufficient service is premature if filed within 120 days of the filing of the complaint.” Id. at 1175 (emphasis added). In light of the analogous federal authority, the Court of Civil Appeals concluded “that Rule 4(b), Ala. R. Civ. P., allows 120 days for .service of process and that an .action may not be dismissed for insufficient service before the expiration of the 120-day period.” Id. (emphasis added). Accordingly, the Court of Civil Appeals reversed the trial court’s judgment dismissing the plaintiffs’ case for failing to perfect service only 77 days after the complaint was filed.
Smith addresses solely whether an. action can be dismissed for insufficient service before the expiration of the 120-day limit for service set forth in Rule 4(b). In the present case, the defendants did not ask the circuit court to dismiss Hoke’s complaint on the basis that service was insufficient or untimely pursuant to Rule 4(b); the defendants sought to dismiss Hoke’s complaint because she failed ■ to timely “commence” the action for statute-of-limitations purposes. Whether Hoke effectuated service within the time limit for service set forth in Rule 4(b) is an entirely separate inquiry from whether Hoke timely commenced her action for statute-of-limitations purposes. Nothing in Smith suggests that, even without a bona fide intent to immediately serve a complaint at the time the complaint is filed, a complaint is timely filed for purposes of the statute of limitations so long as the complaint is timely served pursuant to the terms of Rule 4(b). The fact that the defendants in the present case were served within the time limit for.service set forth in Rule 4(b) has no bearing on the question whether the action was timely commenced for purposes of the statute of limitations.
This Court’s decision in Precise supports this conclusion. In that case, the plaintiffs filed their complaint on September 7, 2008, and indicated that the defendants named in the complaint were to be served by a process server. The addresses of the defendants were included in the complaint. The defendants were served by process server on January 16, 2009, more than four months after the complaint was filed. The defendants filed a motion to dismiss, arguing that the plaintiffs’ action was time-barred, despite the fact that the complaint was filed within the applicable limitations period, because, they argued, the plaintiffs lacked the requisite intent to immediately serve the defendants when they filed the complaint. The plaintiffs attempted to dis *218 tinguish the cases the defendants relied upon, but they did not explain the 131-day delay in service. The trial court agreed with the defendants, and the plaintiffs appealed.
On appeal, this Court agreed with the trial court that, because the plaintiffs elected to use a process server to effectuate service and, therefore, undertook the duty to obtain a process server,- the plaintiffs’ “unexplained failure to perform tasks required to effectuate service at the time of filing, ‘viewed objectively, evidences a lack of the required bona fide intent to have [the defendants] immediately served.’ ” Precise, 60 So.3d at 233 (quoting Dunnam v. Ovbiagele, 814 So.2d 232, 239 (Ala.2001)). The Court then stated:
“Additionally, the plaintiffs make numerous arguments regarding whether they were entitled to an extension of time to serve their complaint under Rule 4(b), Ala. R. Civ. P. However, the summary judgment is premised on the plaintiffs’ failure to commence the action for statute-of-limitations purposes; Rule 4(b) is immaterial to this analysis.”
Id. at 234 (emphasis added).
As set forth above, the question whether a complaint is timely served pursuant to Rule 4(b) is distinct from the question whether a plaintiff timely commenced his or her action for statute-of-limitations purposes by possessing, at the time the complaint is filed, the bona fide intent to have the complaint immediately served.
In this case, there is no evidence indicating that Pool or Loeschen made any attempt to take the steps required of them to effectuate service, at the time the complaint was filed. There is also no evidence indicating that the defendants’ addresses were unknown to Hoke, Pool, or Loeschen at the time the complaint was filed. The only evidence explaining the delay in service is the admission from Loeschen that he decided to delay serving the complaint until after he had filed his application for admission pro hac vice. Even if that were considered to be a. valid excuse for intentionally delaying service of a complaint, there is no explanation provided in the record as to why Pool, as local counsel,' did not attempt to effectuate service on the defendants. Viewing this evidence objectively, we conclude that Hoke did not possess a bona fide intent to immediately serve the defendants at the time the complaint was filed. ■ Accordingly, the action was not “commenced” for statute-of-limitations purposes before the two-year statute of limitations expired, and, therefore, the action is' time-barred pursuant to § 6-5-482.
Conclusion
The circuit court’s judgment denying the defendants’ motions for a summary judgment is reversed, and- this case is remanded-for further proceedings consistent with this opinion.
1141396—REVERSED AND REMANDED WITH INSTRUCTIONS.
1141401—REVERSED AND REMANDED WITH INSTRUCTIONS.
STUART, BOLIN, PARKER, SHAW, WISE, and BRYAN, JJ., concur.
MAIN, J., recuses himself.

. Although it is clear that the defendants were eventually served, the record indicates only that it was not until sometime after Loeschen filed his application for admission pro hac ■ vice on June 4, 2013,—55 days after the complaint was filed-—that he delivered the necessary process to a process server. The record indicates that the clerk reissued process on June 17, 2013, and that each defendant was served the following day.

. We recognize that the question of law certified to this Court asks whether Hoke lacked a bona fide intent to immediately serve the defendants as evidenced by, among other things, her "unexplained delay” in serving the defendants; however, it is undisputed that Hoke offered some explanation for her delay. We do not believe that we are improperly expanding the scope of the question of law certified by the circuit court—whether Hoke lacked a bona fide intent to immediately serve the defendants at the time she filed her complaint— by analyzing the question based on the facts as presented in the record.