[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14002
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cv-00651-KD-B

MAEOLA GOLDTHRIP,
VICKIE GOLDTHRIP,

                                        Plaintiffs - Appellants,

versus

DEPUY ORTHOPAEDICS, INC.,
JOHNSON & JOHNSON,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(November 28, 2016)

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

On December 25, 2013, Plaintiff Maeola Goldthrip suffered an injury allegedly caused by a faulty hip transplant.  The hip system was designed by DePuy Orthopaedics, the Defendant.  On December 23, 2015, two days before the Alabama two-year statute of limitations expired, Plaintiffs Maeola Goldthrip and Vickie Goldthrip filed a complaint against DePuy Orthopaedics and Johnson & Johnson, DePuy's parent company.  The last page of the complaint indicated Plaintiffs were "withholding service of process" in an effort to avoid expenses and facilitate settlement discussions.  On December 28, 2015, Plaintiffs sent letters with copies of the complaint and a proposed tolling agreement to DePuy's registered agent and a DePuy litigation paralegal.  A summons was not issued until February 17, 2016, after the district court judge instructed Plaintiffs' counsel that there is "no legal authority that permits them to file a complaint in federal court and then essentially sit on it until they decide that they are ready to move forth with the prosecution."

After being served with the summons, DePuy answered and immediately moved for summary judgment.  The district court found Plaintiffs did not commence the action prior to Alabama's two-year statute of limitations deadline and granted summary judgment in favor of DePuy.  The district court held that "Plaintiffs failed to commence their action when they filed the Complaint on

December 23, 2015, because they did not immediately serve or have the intent to immediately serve the Defendant."

We review the district court's entry of summary judgment de novo. *Chapman v. Procter & Gamble Distributing, LLC*, 766 F.3d 1296, 1312 (11th Cir. 2014).  In an action based on diversity jurisdiction, state law determines when the action commenced for statute of limitations purposes.  *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 753, 100 S. Ct. 1978, 1986 (1980).  We will apply Alabama law to determine if the action commenced before the statute of limitations period had run.  In Alabama, a two-year statute of limitations period applies to the claims at issue here, negligence and Alabama Extended Manufacturer's Liability claims. *See* Ala. Code § 6-2-38(1) (1975); *Smith v. Medtronic, Inc.*, 607 So. 2d 156, 159 (Ala. 1992).  Under Rule 3 of the Alabama Rules of Civil Procedure, an "action is commenced by filing a complaint with the court."  Ala. R. Civ. P. 3.  However, the filing of the complaint is not the only factor for determining whether the action "commenced" for statute of limitations purposes.  *Ex parte E. Ala. Mental Health– Mental Retardation Bd., Inc.*, 939 So. 2d 1, 3 (Ala. 2006) ("This Court has held that the filing of a complaint, standing alone, does not commence an action for statute-of-limitations purposes.").  "For statute-of-limitations purposes, the complaint must be filed and there must also exist 'a bona fide intent to have it immediately served.'"  *Precise v. Edwards*, 60 So. 3d 228, 230–31 (Ala. 2010)

(citation omitted).  If the plaintiff "does not perform all the tasks required to effectuate service and delays a part of the process, a lack of the required bona fide intent to serve the defendant is evidenced."  *Id.* at 233.  The intent necessary to commence the action is the intent to have process "*immediately* served."  *Ward v. Saben Appliance Co.*, 391 So. 2d 1030, 1035 (Ala. 1980) (emphasis added).

Plaintiffs' statement in the complaint that they were "withholding service of process" is indicative of their intent at the time of filing.  On the final page of the complaint, Plaintiffs stated they were "withholding Service of Process in an effort to resolve this matter without the extreme expense required by both sides.  *Process will be served at a later* date as agreed to by both parties."  (emphasis added).  In a case directly on point, the Alabama Supreme Court stated that, when "the plaintiff intentionally interferes with this service by ordering that service be withheld, then the filing will not constitute the commencement of the action, since there is no intent to prosecute the claim at that time."  *Freer v. Potter*, 413 So. 2d 1079, 1081 (Ala. 1982).  Under *Freer*, withholding service means the action did not commence when Plaintiffs filed the complaint.  As such, Plaintiffs did not commence the action when they filed the complaint on December 23.  They have offered no proof to demonstrate they had the requisite intent prior to the running of the statute of limitations on December 25.  The district court's grant of summary judgment for Depuy is affirmed.

**AFFIRMED.**