This is an appeal from a judgment of dismissal. The sole issue raised by the appellant is whether the trial court abused its discretion in setting aside a default judgment. We affirm.
Crosby suffered an allergic reaction to cologne which was manufactured by Avon. He brought an action against Avon based on the Alabama Extended Manufacturer's Liability Doctrine and for breach of implied warranty of merchantability. On April 22, 1982, Crosby attempted to serve Avon by having a process server deliver a copy of the summons and complaint to the offices of a firm called Answering-Mobile. Prior to February 15, 1982, Answering-Mobile had provided telephone answering services for Avon. Ina Shaw, the Answering-Mobile employee who was handed the summons and complaint by the process server, testified as follows:
 "I told [the process server] that we no longer answered for Avon Products. I had nothing to do with Avon Products. I didn't represent them. That I did not answer their phone. That I no longer did business with Avon Products. That I did not anticipate [sic] their mail, their calls, anything at that time. So at that time he took the subpoena away.
 "He came back at a later date. I don't know what date it was. It seemed like it was in the same week. It's been so long I can't remember. But he told me that he was told to leave it there whether I represented Avon Products or not and I could do what I wanted to do with it. Even file it under Chapter 13 was his words.
"Q. And what did you do with it?
 "A. I laid it on my desk and left it there for about a month. And then I threw it in the garbage. . . .
 "Q. You never did try to contact anyone and advise them that there's some papers for Avon that had been left there.
"A. No, I did not."
No answer to the complaint was filed. After entry of a default, Crosby presented evidence to the court, and Circuit Judge Elwood Hogan assessed plaintiff's damages at $250,000.00.
Avon had no knowledge of the lawsuit until it was served with notice of a garnishment. Avon filed a motion seeking to have the default judgment set aside on the grounds that the judgment was void because there had been no service of process on it and because the $250,000.00 award was excessive. Rule 60 (b)(4) and (6), A.R. Civ.P. After a hearing on the motion, the trial court set aside the default judgment. Crosby filed a notice of appeal to this court. On motion of the defendant this Court dismissed the appeal for lack of a final judgment. Crosby v. AvonProducts, Inc., 446 So.2d 75 (Ala. 1983). The trial court admonished Crosby to attempt to serve Avon at some location other than the answering service's office. Despite the trial court's directive, Crosby never again attempted to serve Avon. Due to the plaintiff's refusal to attempt to obtain service on Avon, the trial court dismissed Crosby's action for failure to prosecute the case. Crosby again filed a notice of appeal.
A motion for relief from a judgment under Rule 60 (b) is addressed to the sound discretion of the trial court. Frazierv. Malone, 387 So.2d 145, 150 (Ala. 1980). See Committee Comments, Rule 60 (b), A.R. Civ.P. Moreover, appellate courts are especially reluctant to reverse a trial court's decision to set aside a default judgment and permit a trial on the merits.Fisher v. *Page 644 Bush, 377 So.2d 968 (Ala. 1979). It is axiomatic that the law favors fair trials on the merits of cases. Cockrell v. World'sFinest Chocolate Co., 349 So.2d 1117 (Ala. 1977).
It is difficult to imagine a more compelling case for setting aside a default judgment than existed under these facts. It is undisputed that Avon was never informed of the pendency of the action before a default was taken. Assuming, arguendo, that the answering service qualified as Avon's agent for purposes of service of process during the term of their agreement, it is undisputed that Avon had terminated its relationship with the answering service and, therefore, Answering-Mobile was not Avon's agent at the time of Crosby's attempted service. Moreover, there was evidence from which the court could have concluded that the special process server hired by Crosby had actual knowledge that the answering service no longer represented Avon at the time it was served. Although the company had no office in Mobile, it is a nationwide concern with offices throughout the country whose locations could have easily been ascertained by reasonable diligence. Its address is listed as "New York, New York 10019" on all its products, including, presumably, the bottle containing the allegedly injurious substance. The judgment was clearly excessive. Avon acted with all due speed to have the judgment set aside once it was apprised of the action, and the plaintiff was in no way prejudiced by setting aside the default.
Despite the trial court's directive to Crosby to attempt to serve Avon and the court's admonition that failure to attempt to obtain service would result in a dismissal of the action, plaintiff refused to attempt service. Failure of a plaintiff to attempt to obtain service over the defendant within a reasonable time may amount to a failure to prosecute the action, warranting a dismissal of the case. Rule 41 (c); Statev. Horton, 373 So.2d 1096 (Ala. 1979).
The trial court's order dismissing the plaintiff's action is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.