EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce case.
On January 17, 1985, the husband, who was an inmate in the penitentiary system of this state, filed his divorce complaint pro se, and a summons was issued thereon. The sheriff returned the summons and complaint on February 27, 1985, with his return upon it being “not found” because the defendant, the wife, had moved. The record does not disclose any further efforts thereafter by the husband to obtain any type of service upon the wife. The trial court set the case by written order dated September 25, 1985, for a peremptory call on October 25, 1985, at 2:00 P.M. to determine if the case should be continued further on the active docket, and it was pointed out therein that a failure to appear at *969 the noted time would result in a dismissal of the case. A copy of the order was mailed to the husband, and he did not appear in court at the scheduled time. Nothing was filed at any time by him which objected for any reason, or in any manner, to his case being dismissed. The husband timely appealed after the trial court dismissed his divorce action without prejudice.
The burden was upon the husband to pursue the necessary steps under the Alabama Rules of Civil Procedure in order to obtain service of process upon his wife in an authorized manner within a reasonable time after the sheriff was not able to serve her at the address which was provided by the husband, but the husband failed to do anything. When the case had been filed in excess of nine months with no proper service upon the wife, the trial court set the matter to consider whether it should be continued further on the active docket. Since the husband was incarcerated and could not personally attend the hearing on October 25, 1985, his proper course was to file a written response to the notice which he received from the court, giving his reasons why the divorce action should not be dismissed for want of service upon the wife and stating what efforts he intended to take in the immediate future to secure proper service upon her. This he failed to do. The trial court certainly did not abuse its discretion by dismissing the divorce action without prejudice. Hubbard v. Montgomery, 372 So.2d 315 (Ala.1979); Eastman v. Eastman, 429 So.2d 1058 (Ala.Civ.App.1983). Provisions are contained in Rule 41(b), Alabama Rules of Civil Procedure, whereby a trial court may dismiss a plaintiff’s claim for his failure to prosecute or to comply with the civil rules or with any order of the trial court. That rule also authorized the action taken by the trial court. Aguilar v. Spradlin, 408 So.2d 525 (Ala.Civ.App.1981).
The final judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the judges concur.