MURDOCK, Justice.
Rodney D. Truss, the defendant below, appeals from the denial of his motion, made pursuant to Rule 60(b)(4), Ala. R. Civ. P., to set aside a default judgment in favor of the plaintiff, Sandra N. Chappell. Truss contends that the default judgment *1111 was void because, he says, Chappell did not properly serve him with process. We agree, and we reverse and remand.
In September 2001, Chappell’s automobile was struck by a truck owned by Old Dominion Freight Line, Inc. (“Old Dominion”), and driven by John Clark. Chappell alleged that the collision occurred when she was forced to stop suddenly to avoid Truss’s vehicle, which had swerved into Chappell’s lane.
In September 2003, Chappell sued Truss, Old Dominion, and Clark. Chappell made an attempt to serve Truss with process by certified mail in 2003; that attempt was unsuccessful. In February 2005, Chappell again attempted to serve Truss with process by certified mail. This second mailing was addressed to Truss at his mother’s address in Birmingham. The case-action-summary sheet notes that this certified mail was received at that address on February 5, 2005. The return receipt shows that the envelope was received and signed for by Sam Edwards. The record contains evidence indicating that Edwards was Truss’s younger brother, and that he was 15 years old at the time.
Truss did not file an answer or otherwise respond to the summons and complaint. In September 2005, Chappell filed an application for an entry of default against Truss, accompanied by an affidavit from Chappell’s counsel stating that service had been effected on Truss. A default was entered against Truss on September 26, 2005.
Beginning on October 31, 2005, Chappell tried her claims against Old Dominion and Clark before a jury and apparently presented evidence of her damages. Truss did not appear for trial. The jury returned a verdict against Chappell and in favor of Old Dominion and Clark. In November 2005, the trial court entered a judgment in favor of Old Dominion and Clark and against Chappell; the trial court also entered a default judgment in favor of Chappell and against Truss in the amount of $60,000.[1]
In February 2006, Truss filed a motion under Rule 60(b)(4), Ala. R. Civ. P., asking that the default judgment in favor of Chappell be set aside as void because, he said, he had not been properly served with process. Although Truss’s motion was not supported by any evidentiary submissions, following a March 17, 2006, hearing on that motion, Truss submitted an affidavit of his mother, a copy of the return receipt for the certified-mail letter, and a specimen of Edwards’s signature. The only evidence Chappell presented in response to Truss’s Rule 60(b)(4) motion was marriage records that, according to Chappell, established that the Sam Edwards who signed the return receipt was Truss’s grandfather and not Truss’s brother.[2] On March 30, 2006, the trial court entered an order denying Truss’s Rule 60(b)(4) motion.
On April 7, 2006, Truss filed a “motion to reconsider” the denial of his Rule 60(b)(4) motion, together with his own affidavit. On April 11, 2006, the trial court held an evidentiary hearing at which it heard ore tenus testimony from Truss. *1112 On April 20, 2006, the trial court entered an order denying Truss’s motion to reconsider the denial of the Rule 60(b) motion as to liability but granting the motion as to the amount of damages. Truss filed a notice of appeal on May 5, 2006.
In December 2006, this Court dismissed Truss’s appeal insofar as it was an appeal from the April 20 order, citing Ex parte Keith, 771 So.2d 1018 (Ala.1998). For purposes of this appeal, therefore, we consider only the March 30 order denying Truss’s Rule 60(b)(4) motion and the evidence before the trial court when it entered that order. We also limit our review to a single issue briefed by the parties to this Court: Whether Chappell proved that the Birmingham address to which service of process was attempted was in February 2005 Truss’s “dwelling house or usual place of abode” for purposes of Rule 4(c)(1), Ala. R. Civ. P.[3]
When service of process is contested, the plaintiff bears the burden of establishing proper service of process. This Court has held:
“ ‘One of the requisites of personal jurisdiction over a defendant is “perfected service of process giving notice to the defendant of the suit being brought.” Ex parte Volkswagermerk Aktiengesellschaft, 443 So.2d 880, 884 (Ala.1983). “When the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process ivas performed correctly and legally.” Id- A judgment rendered against a defendant in the absence of personal jurisdiction over that defendant is void. Satterfield v. Winston Industries, Inc., 553 So.2d 61 (Ala.1989).’ ”
Bank of America. Corp. v. Edwards, 881 So.2d 403, 405 (Ala.2003) (considering an appeal from a trial court’s denial of a Rule 60(b)(4) motion) (quoting Horizons 2000, Inc. v. Smith, 620 So.2d 606, 607 (Ala.1993)) (emphasis added).[4] See also Duncan v. S.N., 907 So.2d 428 (Ala.2005); Cain v. Cain, 892 So.2d 952 (Ala.Civ.App.2004). Rule 4(c)(1), Ala. R. Civ. P., provides:
“(c) Upon Whom Process Served. Service of process, except service by publication as provided in Rule 4.3, shall be made as follows:
“(1) Individual. Upon an individual, other than a minor or an incompetent person, by seizing the individual or by leaving a copy of the summons and the complaint at the individual’s dwell- *1113 mg house or usual place of abode with some person of suitable age and discretion then residing therein or by-delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process.... ”
The affidavit from Chappell’s attorney that accompanied Chappell’s motion for entry of default against Truss states only that Truss “was duly served with a copy of the summons, together with a copy of [Chappell’s] complaint, on February 5, 2005.” This conclusory statement is not sufficient to establish any of the alternatives prescribed by Rule 4(c)(1) for serving an individual defendant, particularly in light of the contrary evidence in the record. Compare Fisher v. Amaraneni, 565 So.2d 84, 88 (Ala.1990) (conclusory statements in an affidavit were not sufficient to establish that the defendants were avoiding service); Kanazawa, v. Williams, 838 So.2d 392, 395 (Ala.Civ.App.2002) (“[T]he conclusory assertions made by ... legal counsel in counsel’s affidavit that Kanaza-wa had attempted to avoid service are insufficient as a matter of law.”).
Specifically, although the evidence that was before the trial court on March 30, 2006, shows that process was delivered by certified mail to Edwards at Truss’s mother’s house, there is no evidence indicating that the mother’s house was Truss’s “dwelling house or usual place of abode.”[5] To the contrary, the affidavit of Truss’s mother states that she had resided at that Birmingham address since 2000 and that, on February 5, 2005, Truss “was not a resident [there]. He had been called to service in Iraq and may have been still overseas or stationed in North Carolina at that time.” (Emphasis added.) The parties argue at length concerning whether and when Truss changed his “domicile” from Alabama to North Carolina, but there was no evidence before the trial court showing that Truss was, at the time of the alleged service, or ever had been, a resident at the particular address in Birmingham at which service was attempted in February 2005.
Because Chappell failed to meet her burden of establishing proper service of process on Truss, we must reverse the judgment of the trial court and remand the cause for further proceedings.
REVERSED AND REMANDED.
SEE, SMITH, BOLIN, and PARKER, JJ., concur.
MURDOCK, J., concurs specially.
COBB, C.J., and LYONS, WOODALL, and STUART, JJ., dissent.

. The record indicates that the trial court made its determination of the amount of Chappell’s damages from evidence presented during the jury trial of Chappell’s claims against Old Dominion and Clark.

. Chappell introduced this evidence in an effort to establish that the person who took delivery of the certified mail was of “suitable age and discretion,” as required by Rule 4(c)(1), Ala. R. Civ. P. For reasons discussed below, we dispose of this case without finding it necessary to consider the true identity of the Sam Edwards who signed for the receipt or whether that person was of "suitable age and discretion.”

. Both parties treat Rule 4(c)(1) ("Upon Whom Process Served — Individual”) as the applicable rule for purposes of resolving this case. Assuming, without deciding, that they are correct in this treatment, we discuss in the text how the evidence before the trial court when it entered its March 30 order was insufficient to establish one of the requirements for proper service under that rule.
We note that, if we were to apply Rule 4(i)(2)(C) ("Methods of Service — Service By Certified Mail — When Effective”), our disposition of this case would be no different. In particular, the record before the trial court when it entered its March 30 order contained no evidence as to whether Truss "actually receive[d] the summons and complaint in time to avoid a default.”

. In Insurance Management & Administration, Inc. v. Palomar Insurance Corp., 590 So.2d 209, 213 (Ala.1991), this Court held that the clerk’s notation of proper service creates a presumption of proper service that can be rebutted only by "clear and convincing evidence.” In Northbrook Indemnity Co. v. Westgate, Ltd., 769 So.2d 890, 893 n. 4 (Ala.2000), this Court stated that the Palomar Insurance presumption established only that the "clerk mailed the process and the person signing the certified-mail receipt received the process.” Palomar Insurance did not establish a presumption as to whether the person signing the receipt was a proper person to receive process or whether the place of service was the defendant’s "dwelling house or usual place of abode.”

. There also is no evidence in the record specifically showing that Edwards was Truss’s agent, and Chappell does not argue that Edwards was Truss's agent. See Rule 4(c)(1), Ala. R. Civ. P.