STUART, Justice.
 

 Scott McDermott appeals an order of the Madison Circuit Court denying his motion made pursuant to Rule 60(b)(4), Aa. R. Civ. P., to set aside the default judgment entered in favor of Gary Tabb in Tabb’s breach-of-contract action against McDermott. We reverse and remand.
 

 I.
 

 On April 24, 2007, Tabb instituted an action in the Madison Circuit Court against “Scott McDermott d/b/a Coldwell Banker Premier,” alleging, essentially, that McDermott had breached a real-estate contract he had entered into with Tabb to purchase a house Tabb owned in Madison. The action listed the following two addresses for the defendant, and a summons and a copy of the complaint were sent to both addresses via certified mail:
 

 1. Scott McDermott e/o Coldwell Banker Premier 4092 South Memorial Parkway Huntsville, Alabama 35802
 

 2. Coldwell Banker Real Estate Corporation 1 Campus Drive Parsippany, New Jersey 07054-4407
 

 The certified-mail return receipts indicate that the summons and the complaint were delivered to the Huntsville address on April 30, 2007, and to the Parsippany, New Jersey, address on May 15, 2007. The return receipt for the certified mail sent to the Huntsville address indicates that the summons and the complaint were signed for by “J. Tibbs”; it is impossible to discern if there is any signature on the return receipt for the mail sent to the New Jersey address because of the quality of the copy included in the record.
 
 [1]
 

 On June 15, 2007, Tabb moved for a default judgment, arguing that McDermott had been served on April 30 but had failed to answer the complaint or otherwise to defend himself within the succeeding 30-day period. Tabb accompanied his motion for a default judgment with an affidavit describing his damage and seeking a total of $184,615 in compensation. On June 20, 2007, the trial court granted Tabb’s motion and entered a judgment in his favor and against McDermott for $184,615.
 

 On October 9, 2007, McDermott moved the trial court, pursuant to Rule 60(b), Aa. R. Civ. P., to vacate the default judgment entered against him. He alleged that the judgment was void because, he said, Tabb failed to effect proper service upon him. Specifically, McDermott alleged that even though one “J. Tibbs” had signed a receipt acknowledging receipt of the summons and complaint sent to the Huntsville address, J. Tibbs was not authorized to accept service on his behalf and McDermott had, in
 
 *3
 
 fact, never received the documents.
 
 [2]
 
 Moreover, McDermott alleged that he did not do business as Coldwell Banker Premier — rather, Coldwell Banker Real Estate Corporation did business as Coldwell Banker Premier — and that he had not authorized Coldwell Banker Premier to accept service on his behalf. Finally, McDermott argued that he had never entered into any real-estate contract with Tabb and that the contract produced by Tabb lacked his signature. Tabb filed a written response with the trial court opposing McDermott’s Rule 60(b) motion, and, on July 17, 2008, after holding a hearing on the issue, the trial court denied McDermott’s motion without stating its rationale. On August 5, 2008, McDermott filed the instant appeal.
 

 II.
 

 On appeal, McDermott repeats the argument made in his Rule 60(b) motion: The default judgment entered against him was void because, he says, Tabb failed to effect proper service upon him. In
 
 Northbrook Indemnity Co. v. Westgate, Ltd.,
 
 769 So.2d 890, 893 (Ala.2000), this Court explained the standard of review applicable to such a claim:
 

 “This Court has held that ‘[t]he review applicable to a Rule 60(b)(4) motion is de novo.’
 
 Greene v. Connelly,
 
 628 So.2d 346, 351 (Ala.1993); accord
 
 Insurance Management & Admin., Inc. v. Palomar his. Corp.,
 
 590 So.2d 209, 212 (Ala.1991).
 

 “ *When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.’
 

 “Palomar Ins.,
 
 590 So.2d at 212. ‘Failure of proper service under Rule 4[, Ala. R. Civ. P.,] deprives a court of jurisdiction and renders its judgment void.’
 
 Ex parte Pate,
 
 673 So.2d 427, 428-29 (Ala.1995).”
 

 This Court has also stated that “[w]hen the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally.”
 
 Ex parte Volkswagenwerk Aktiengesellschaft,
 
 443 So.2d 880, 884 (Ala.1983). Accordingly, we review de novo the facts to determine whether Tabb has established that McDermott was properly served so as to vest the trial court with the necessary jurisdiction to enable it to enter a default judgment against McDermott.
 

 III.
 

 Rule 4(c)(1), Ala. R. Civ. P., provides that service of process upon an individual, other than a minor or an incompetent person, shall be made in the following manner:
 

 “[B]y serving the individual or by leaving a copy of the summons and the complaint at the individual’s dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process
 

 Tabb does not argue — and there is no evidence in the record indicating — that McDermott was ever personally served or
 
 *4
 
 that process was ever left at his “dwelling house or usual place of abode.” Rather, Tabb argues that McDermott was served by certified mail as authorized by Rule 4(i)(2)(C), Ala. R. Civ. P., which provides, in pertinent part, as follows:
 

 “Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee’s agent as evidenced by signature on the return receipt. Within the meaning of this subdivision, ‘agent’ means a person or entity specifically authorized by the addressee to receive the addressee’s mail and to deliver that mail to the addressee. Such agent’s authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint or the court determines that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default.”
 

 Because the certified-mail receipt indicates that the receipt for the summons and the complaint sent to the Huntsville address was signed by J. Tibbs — not by McDer-mott — Tabb is therefore implicitly arguing that J. Tibbs is McDermott’s agent, that is, that J. Tibbs was authorized by McDer-mott to receive McDermott’s mail and to deliver it to him. However, Tabb has submitted no evidence in support of such a fact. Instead, Tabb argues that the certified-mail receipt that was returned to the clerk’s office is itself evidence indicating that McDermott was properly served and operates to shift the burden to McDermott to refute that presumption of service. Tabb cites
 
 Insurance Management & Administration, Inc. v. Palomar Insurance Corp.,
 
 590 So.2d 209, 213 (Ala.1991), in support of his argument; however, he has misinterpreted our holding in that case. In
 
 Truss v. Chappell, 4
 
 So.3d 1110, 1112 n. 4 (Ala.2008), we specifically noted that the interpretation of
 
 Palomar Insurance
 
 now advanced by Tabb was erroneous, stating:
 

 “In
 
 Insurance Management & Administration, Inc. v. Palomar Insurance Corp.,
 
 590 So.2d 209, 213 (Ala.1991), this Court held that the clerk’s notation of proper service creates a presumption of proper service that can be rebutted only by ‘clear and convincing evidence.’ In
 
 Northbrook Indemnity Co. v. Westgate, Ltd.,
 
 769 So.2d 890, 893 n. 4 (Ala.2000), this Court stated that the
 
 Palomar Insurance
 
 presumption established only that the ‘clerk mailed the process and the person signing the certified-mail receipt received the process.’
 
 Palomar Insurance did not establish a presumption as to whether the person signing the receipt was a proper person to receive process
 
 or whether the place of service was the defendant’s ‘dwelling house or usual place of abode.’ ”
 

 (Emphasis added.) Thus, the certified-mail receipt that has been submitted as evidence in this case does not, in fact, establish that McDermott was properly served; rather, it merely establishes that the summons and the complaint were mailed to the Huntsville address and signed for by J. Tibbs.
 

 Because McDermott has alleged that he was not properly served, it was Tabb’s burden to show that the service of process was performed correctly and legally.
 
 Ex parte Volkswagenwerk Aktiengesellschaft,
 
 443 So.2d at 884. Tabb argues that he properly served McDermott by certified mail pursuant to Rule 4(i)(2)(C), Ala. R. Civ. P.; however, because there is no evidence in the record establishing the identity of J. Tibbs or indicating that he or she was an agent of McDermott within the meaning of Rule 4(i)(2)(C), Tabb has failed to meet his burden. Accordingly, McDermott’s Rule 60(b) motion to vacate the
 
 *5
 
 default judgment entered against him should have been granted.
 

 IV.
 

 Tabb sued McDermott alleging breach of contract and obtained a default judgment in the amount of $184,615 after McDermott failed to file a response to his complaint. McDermott subsequently moved to vacate that default judgment, arguing that he had not been properly served. The trial court denied that motion; however, because McDermott’s assertion that he was not properly served placed the burden of establishing proper service on Tabb, and because that burden was not met, the trial court’s decision denying McDermott’s motion to vacate was in error. The trial court’s judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and LYONS, BOLIN, and MURDOCK, JJ., concur.
 

 [1]
 

 . Tabb has not argued to the trial court or to this Court that the summons and the complaint delivered to the New Jersey address of Coldwell Banker Real Estate Corporation on May 15 constituted proper service upon McDermott; rather, he has focused his argument on the April 30 delivery to the Huntsville address. Nevertheless, McDermott has submitted evidence indicating that the registered agent of Coldwell Banker Real Estate Corporation, located in Delaware, has never been served.
 

 [2]
 

 . There is no evidence in the record identifying "J. Tibbs” or explaining his or her relationship to McDermott or Coldwell Banker Premier.