Rel: August 23, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of Southern Reporter. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in Southern Reporter.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2024

_____

### SC-2023-0803

_____

### Nicholas Hoffman

### v.

### City of Birmingham Retirement and Relief System and the Board of Managers of the City of Birmingham Retirement and Relief System

### Appeal from Jefferson Circuit Court
### (CV-23-900802)

WISE, Justice.

Nicholas Hoffman appeals from the Jefferson Circuit Court's judgment dismissing his mandamus petition against the City of Birmingham Retirement and Relief System ("the System") and the Board

of Managers of the System ("the Board") (collectively referred to as "the respondents").

Facts and Procedural History

Hoffman worked as a firefighter for the City of Birmingham ("the City") from 2009 until 2022, when he was released from duty because of a medical condition. As a firefighter for the City, Hoffman was a participant in the System. Hoffman applied for both extraordinary and ordinary disability benefits. On December 14, 2022, the Board denied both claims. On December 28, 2022, the Board sent two letters by certified mail informing Hoffman of its decision.

On March 10, 2023, Hoffman filed a petition for writ of mandamus in the Jefferson Circuit Court, seeking review of the Board's decision pursuant to § 45-37A-51.139, Ala. Code 1975 (Local Acts, Jefferson County). He requested that the circuit clerk serve the System and the Board by certified mail. The petition included the following addresses for the System and the Board:

> "City of Birmingham Retirement and Relief System
> "Attention: Rachelle Christion[,] Payroll and Pension
> "Administrator
> "710 North 20th Street
> "1st Floor-Office of Payroll and Pens[i]on Administration
> "Room 194

"Birmingham, AL 35203"

_____

"Board of Managers
"City of Birmingham Retirement and Relief System
"Attention: The Honorable Randall L. Woodfin, Cha[ir]man
"710 North 20th Street
"1st Floor Office of Payroll and Pens[i]on Administration
"Birmingham, AL 35203"

The clerk of the Jefferson Circuit Court recorded that the respondents had been served with process by certified mail on March 15, 2023. The return receipts for the mailings indicated that an individual named Terry Van Hooser had signed for the certified mail.

On May 3, 2023, Hoffman moved for a default judgment, arguing that the respondents had been served on March 15, 2023, and that they had failed to answer or respond to the petition.

On May 4, 2023, the respondents filed a "Motion to Quash Alleged Service," arguing that they had not been served with process. Specifically, they contended:

> "2. Such alleged service was not done in accordance with [Ala. R. Civ. P.] 4(c)(8) which requires service of the Complaint upon: '... the chief executive officer or the clerk, or other person designated by appointment or by statute to receive service of process.'
>
> "3. Alabama Code Sec. 45-37A-51.139[] requires that, 'The petition may designate the board as respondent or the

3

members thereof as respondents. Each [r]espondent shall be served with process, unless the respondent or his or her or its attorney accepts service.'

"4. The [c]ertified [m]ail was signed for by an employee of the City of Birmingham's Department of Finance.

"5. The City of Birmingham Retirement and Relief System is a separate and distinct governmental entity from the City of Birmingham.

"6. The City of Birmingham and employees in the Department of Finance are not agents of service for [the respondents] and have not been designated as such.

"7. No members of the Board of Managers signed for the [c]ertified mail. The individual that signed for the certified mail was not even an employee of the System.

"8. Neither the System, the Board, nor any members of the Board, were ever served with process in this lawsuit.

"9. Any return of service was incorrectly reported to the Jefferson County Circuit Court clerk's office."

On May 5, 2023, Hoffman filed a response to the motion to quash, arguing that the respondents had failed to support their motion with evidence demonstrating that the circuit clerk had improperly recorded that service had been made on March 15, 2023. He also attached screenshots from the City's website indicating that Rachelle Christion was the "Payroll & Pension Administrator" and that listed Room 194 on

4

the first floor of City Hall as the location for the office of pension administration. He then argued:

> "As the Court knows, the term 'administration' means 'performance of executive duties' according to the Merriam-Webster dictionary. Therefore, the executive duties (decisions, payments, and the running of the pension)[] are performed at this office upon which service was made. It appears to be a ruse then to argue that service was on the City of Birmingham's Department of Finance when in fact service was on the executives responsible for administering the City of Birmingham Retirement and Relief System pension. If [the respondents] intend for service to be upon some place or entity other than the location of pension administration, then [the respondents] should cease permitting such a representation on the website and provide correct information."

He went on to assert that the respondents' motion to quash was merely an effort to delay litigation; that he had mailed a courtesy copy of the petition to the City Attorney's office; that he had subsequently contacted the City Attorney's office about filing an answer to the petition; that he had exchanged emails with general counsel for the City "in an effort to see a response to the petition without the necessity of filing a default judgment at the added expense" to Hoffman; and that the respondents' counsel "has sought to delay matters and file the present motion."

On June 13, 2023, before the trial court had ruled on the motion to quash, Hoffman made a second attempt to serve the respondents, this time by sheriff. The process was addressed to:

"BOARD OF MANAGERS CITY OF BIRMINGHAM RETIREMENT AN[D], MAYOR RANDALL WOODFIN 710 20TH STREET N. 3RD FL, BIRMINGHAM, AL 35203"

(Capitalization in original.) On June 28, 2023, a return of service of process was made by the Jefferson County Sheriff's Department certifying that "Keyrah Smith -- Clerk" had accepted service.

On July 17, 2023, the trial court entered an order denying Hoffman's motion for a default judgment. On that same date, the trial court entered an order granting the respondents' motion to quash and ordering Hoffman "to perfect service on the [respondents] within thirty (30) day[s] of the date of this order or this case may be dismissed."

On August 2, 2023, Hoffman served the respondents with discovery requests. On August 31, 2023, 45 days after the trial court had ordered Hoffman to perfect service, the respondents filed a second "Motion to Quash Alleged Service." In their second motion to quash, the respondents argued:

6

"4. The Return on Service filed with the Court certifies that 'Keyrah Smith -- Clerk' was served with the [petition] by 'J.H. Smith.' ….

"5. Neither the System nor the Board employs any 'Keyrah Smith -- Clerk,' nor is such person a member of the Board, nor is such person authorized or empowered to accept service of process on behalf of the [respondents].

"6. The City of Birmingham is a separate and distinct governmental entity from the System and the Board.

"7. The Alias Summons in this case was served on [Keyrah] Smith, an employee in the City Clerk's office of the City of Birmingham.

"8. The City of Birmingham is not agent for service of process for the System nor the Board.

"9. Neither the City of Birmingham Retirement and Relief System nor the Board of Managers of the City of Birmingham Retirement and Relief System nor any members of the Board[] were ever served with process in this lawsuit.

"10. Any return of service was incorrectly reported to the Jefferson County Circuit Court clerk's office."

The respondents contended that Keyrah Smith was not an employee of the Board, a member of the Board, or an individual authorized to accept service on behalf of the respondents. They also contended that the return of service was incorrectly reported by the circuit clerk. On that same day, the respondents also filed a motion to quash discovery and a motion to dismiss. Hoffman subsequently filed objections and responses to each of

7

the respondents' motions. In his response to the second motion to quash

service, Hoffman asserted:

> "The Jefferson County Sheriff's office has confirmed for Counsel that the City Clerk is the designee of the Mayor to receive service of process for the Mayor. The City Clerk operates on the 3rd floor of City Hall with the Mayor and saves the Mayor from disruption of his duties by accepting service for him. Deputy Smith served the summons himself in the same fashion and manner as he has served many other summonses. In fact, the 'beat' of this deputy, or his area of duty, is to serve the Mayor and other City officials."

On September 26, 2023, the trial court entered the following

judgment, dismissing the case, with prejudice:

> "Upon due consideration of all of the pleadings in this case, the MOTION TO DISMISS[] filed by CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM and BOARD OF MANAGERS CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM is hereby GRANTED."

(Capitalization in original.) On October 4, 2023, Hoffman filed a motion

to vacate the judgment pursuant to Rule 59(e), Ala. R. Civ. P., which the

trial court denied. This appeal followed.

## Standard of Review

> "'Before the adoption of our current Rule 4(b), [Ala. R. Civ. P.,] some Alabama cases evaluated a dismissal for insufficient service of process under Rule 41(b), Ala. R. Civ. P.' State Farm Fire & Cas. Co. v. Smith, 39 So. 3d 1172, 1175 (Ala. Civ. App. 2009). 'Failure of a plaintiff to attempt to

8

obtain service over the defendant within a reasonable time may amount to a failure to prosecute the action, warranting a dismissal of the case.' Crosby v. Avon Prods., Inc., 474 So. 2d 642, 644 (Ala. 1985); see also State v. Horton, 373 So. 2d 1096, 1097 (Ala. 1979) (same).

> "'The general rule, of course, is that a court has the inherent power to act sua sponte to dismiss an action for want of prosecution. However, because dismissal ... is such a drastic sanction, it is to be used only in extreme situations. Accordingly, this Court carefully scrutinizes any order terminating an action for want of prosecution, and it does not hesitate to set one aside when an abuse of discretion is found.'

"Burdeshaw v. White, 585 So. 2d 842, 847 (Ala. 1991)."

Voltz v. Dyess, 148 So. 3d 425, 426 (Ala. 2014).

> "'Ala. R. Civ. P. 41(b) provides for the involuntary dismissal of an action upon "failure of the plaintiff to prosecute or to comply with [the Rules of Civil Procedure] or any order of [the] court." Although dismissal for failure to comply with a court order is a "harsh sanction," it is warranted where there is a "clear record of delay, willful default or contumacious conduct by the plaintiff." Selby v. Money, 403 So. 2d 218, 220 (Ala. 1981). Because the trial judge is in the best position to assess the conduct of the plaintiff and the degree of noncompliance, his decision to grant a motion to dismiss for failure to prosecute will be accorded considerable weight by a reviewing court. Van Bronkhorst v. Safeco Corp., 529 F.2d 943, 947 (9th Cir. 1976); Von Poppenheim v. Portland Boxing & Wrestling Comm'n, 442 F.2d 1047, 1051 (9th Cir. 1971), cert. denied, 404 U.S. 1039, 92 S.

9

Ct. 715, 30 L. Ed. 2d 731 (1972). Therefore we will reverse that decision only upon a showing of abuse of discretion. Selby, [403 So. 2d] at 220; Smith v. Wilcox County Bd. of Educ., 365 So. 2d 659 (Ala. 1978).'

"Jones v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 604 So. 2d 332, 341 (Ala. 1991). Moreover, '"[w]illful" is used in contradistinction to accidental or involuntary noncompliance. No wrongful motive or intent is necessary to show willful conduct.' Selby v. Money, 403 So. 2d 218, 221 (Ala. 1981)."

Curry v. Miller, 261 So. 3d 1175, 1178 (Ala. 2018).[1]

## Discussion

On appeal, Hoffman argues that the trial court improperly dismissed his mandamus petition. Section 45-37A-51.139(a), provides, in pertinent part:

"Any decision of the board denying a benefit claimed may be subject to review by the circuit court, in the manner and subject to the limitations herein provided. An employee may secure a review of a decision of the board by mandamus proceedings in the circuit court, which proceedings the employee shall institute, in the court by filing therein a petition for mandamus. The petition may designate the board as respondent or the members thereof as respondents. Each respondent shall be served with process, unless the respondent or his or her or its attorney accepts service. The petition for mandamus shall be barred if it is not filed within

---

[1]"This Court now uses the phrase 'exceeded its discretion' rather than the phrase 'abused its discretion.' The standard of review remains the same." Classroomdirect.com, LLC v. Draphix, LLC, 992 So. 2d 692, 701 n.1 (Ala. 2008).

10

90 days from the date whereon the board of managers makes its final decision on the benefit claimed, provided written notice of such final decision of the board shall be given by certified or registered mail, postage prepaid, and properly addressed, to the claimant or his or her attorney within 10 days after such final decision of the board. If timely notice shall not be given as provided in the last preceding sentence, claimant shall not be barred from filing mandamus until the expiration of 80 days from the mailing of notice as above provided; but in no event, anything therein to the contrary notwithstanding, shall mandamus be filed after one year from the date of such final decision of the board ...."

I.

On appeal, Hoffman argues that the trial court erred when it granted the respondents' motion to dismiss because, he says, he properly served them, as required by Rule 4(c), Ala. R. Civ. P.

Rule 4(c)(8) establishes the procedure for service of process on local governments and other governmental entities. It provides:

"(c) Upon Whom Process Served. Service of process, except service by publication as provided in Rule 4.3, [Ala. R. Civ. P.,] shall be made as follows:

"....

"(8) Local Governments and Other Governmental Entities. Upon a county, municipal corporation, or any other governmental entity not previously mentioned, or an agency thereof, by serving the chief executive officer or the clerk, or other person designated by appointment or by statute to receive service of process, or upon the

11

> attorney general of the state if such service is accompanied by an affidavit of a party or the party's attorney that all such persons described therein are unknown or cannot be located."

Rule 4(c)(8). Pursuant to § 45-37A-51.130, Ala. Code 1975 (Local Acts, Jefferson County), the mayor of the City serves as the chair of the Board.

## A.

First, Hoffman argues that the trial court erred in granting the first motion to quash because, he says, proper service was made on the respondents by certified mail. Rule 4(i)(2), which allows service of process to be perfected using certified mail, provides, in pertinent part:

> "(C) When Effective. Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery <u>to the named addressee or the addressee's agent</u> as evidenced by signature on the return receipt. Within the meaning of this subdivision, '<u>agent' means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee</u>. Such agent's authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint or the court determines that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default."

Rule 4(i)(2)(C) (emphasis added). In this case, it is undisputed that Hoffman requested that service be made on the respondents by certified mail. It is also undisputed that the certified-mail return receipts were

signed by Terry Van Hooser, an employee in the City's finance department.

In their initial motion to quash, the respondents argued that Hoffman had failed to properly perfect service on them because employees in the City's finance department are not agents authorized to accept service for them. On appeal, Hoffman argues:

> "The presumption … that the employee was of suitable age to accept service or was an agent for his superior who was Treasurer of the Board and oversaw the System is not rebutted with the conclusory assertion. 'The completion and filing of a return of service is prima facie evidence that the party to whom the service was sent has been properly served.' Image Auto, Inc. v. Mike Kelley Enters., Inc., 823 So. 2d 655, 658 (Ala. 2001)."

Hoffman's brief at 16-17.

This Court has previously stated:

> "'In Insurance Management & Administration, Inc. v. Palomar Insurance Corp., 590 So. 2d 209, 213 (Ala. 1991), this Court held that the clerk's notation of proper service creates a presumption of proper service that can be rebutted only by "clear and convincing evidence." In Northbrook Indemnity Co. v. Westgate, Ltd., 769 So. 2d 890, 893 n.4 (Ala. 2000), this Court stated that the Palomar Insurance presumption established only that the "clerk mailed the process and the person signing the certified-mail receipt received the process." Palomar Insurance did not establish a presumption as to whether the person

13

> signing the receipt was a proper person to receive
> process or whether the place of service was the
> defendant's "dwelling house or usual place of
> abode."'
>
> "(Emphasis added.)"

McDermott v. Tabb, 32 So. 3d 1, 4 (Ala. 2009) (quoting Truss v. Chappell, 4 So. 3d 1110, 1112 n.4 (Ala. 2008)).  As in McDermott, in this case, the certified-mail receipts established only that the certified mail addressed to the System was directed to "Rachelle Christion"; that the certified mail addressed to the Board was directed to "The Hon. Woodfin"; and that Van Hooser had signed for both pieces of mail.[2]  They did not establish that Van Hooser was authorized to accept service on behalf of the Board or the System.  Thus, Hoffman's argument that the signed certified-mail receipts were prima facie evidence that service had been made on an authorized agent is without merit.

Alabama law is well settled that, "'[w]hen the service of process on the defendant is contested as being improper or invalid, the burden of

---

[2]In his brief, Hoffman argues that Van Hooser's superior was the treasurer for the Board, but he did not present any evidence to support that assertion.  Additionally, Hoffman did not present any evidence to establish that Christion was designated to receive service of process on behalf of the System.

proof is on the plaintiff to prove that service of process was performed correctly and legally.'" McDermott, 32 So. 3d at 3 (quoting Ex parte Volkswagenwerk Aktiengesellschaft, 443 So. 2d 880, 884 (Ala. 1983)).

Hoffman argues that Van Hooser was an agent capable of accepting service for the respondents because he "worked for an officer of the Board, and head of the Finance [D]epartment which administers the pension." Hoffman's brief at 16. However, he does not cite any authority to support this argument, as required by Rule 28(a)(10), Ala. R. App. P.

It was Hoffman's burden to prove that Van Hooser was a proper person to accept service for the respondents. It is undisputed that Van Hooser was not the chief executive officer of the Board or the System. Additionally, Hoffman did not present any evidence to establish that Van Hooser had been designated by appointment or by statute to receive service of process for the Board or the System. See Rule 4(c)(8), Ala. R. Civ. P. Thus, Hoffman failed to establish that his attempt to serve the respondents by certified mail was proper pursuant to Rule 4(c)(8).[3]

---

[3]Hoffman also asserts that "[t]he Finance Department employee [i.e., Van Hooser] was presumed to be a person of suitable age working at the 'residence' of the Board and System. Ala. R. Civ. P. 4(c) permits service by leaving the petition 'with some person of suitable age and discretion then residing therein ...' (Emphasis added.)" Hoffman's brief

B.

Hoffman next argues that proper service was made on the mayor of the City by the Jefferson County Sheriff's Department. Initially, he contends:

> "The Chai[r]man of the Board is the Mayor and he is undeniably a proper person to receive service. The Board contends that service was improper as it was on the City Clerk, not the Mayor. However, [t]he above rule specifically permits service on <u>the Clerk</u>."

Hoffman's brief at 19 (emphasis in original). As the Court of Civil Appeals noted in <u>Montgomery County Board of Education v. Addison</u>, 3 So. 3d 885, 886 n.1 (Ala. Civ. App. 2008), "[p]resumably, the reference in Rule 4(c)(8)[, Ala. R. Civ. P.,] to 'the clerk' refers to local governments, such as municipalities, that employ clerks." However, the Board and the System are entities separate from the City. <u>See</u> <u>City of Birmingham v. Thomas</u>, 220 So. 3d 333, 337 (Ala. Civ. App. 2016). Hoffman did not present any evidence to establish that the Board or the System employs

---

at 18. His argument in this regard appears to be based on the language in Rule 4(c)(1), Ala. R. Civ. P., which deals with service of process on an individual. Because this case involves service on a governmental entity, the provisions of Rule 4(c)(1) do not apply.

a clerk or that Keyrah Smith served as a clerk of the Board or the System. Therefore, Hoffman's argument in this regard is without merit.

In his response to the second motion to quash, counsel for Hoffman also asserted:

> "The Jefferson County Sheriff's office has confirmed for Counsel that the City Clerk is the designee of the Mayor to receive service of process for the Mayor. The City Clerk operates on the 3rd floor of City Hall with the Mayor and saves the Mayor from disruption of his duties by accepting service for him. Deputy Smith served the summons himself in the same fashion and manner as he has served many other summonses. In fact, the 'beat' of this deputy, or his area of duty, is to serve the Mayor and other City officials."

However, Hoffman did not submit any evidence to support those assertions. Rather, he relied solely on the assertions of counsel included in his response to the second motion to quash service to support his argument. However, this Court has held that "'"arguments of counsel are not evidence."'" Ex parte Coleman, 861 So. 2d 1080, 1084 (Ala. 2003) (citations omitted). Thus, Hoffman did not satisfy his burden of proving that Smith was authorized to accept service on behalf of the mayor. Accordingly, he has not established that the attempted service by the sheriff was proper pursuant to Rule 4(c)(8).

## II.

Next, Hoffman argues that the "trial court abused its discretion in not finding good cause as to Mr. Hoffman's efforts to prosecute this case, and denying him further time to effectuate service, if service of process was not valid." Hoffman's brief at 14. He also argues that the trial court erred when it dismissed his case with prejudice.

"Under Rule 4(b), Ala. R. Civ. P., an Alabama court may dismiss an action without prejudice if service of the summons and the complaint is not made upon a defendant within 120 days after the filing of the complaint or may, upon a showing of good cause, extend the 120-day period for perfecting service of process for an appropriate period. Before the adoption of Rule 4(b), however, a plaintiff's failure to timely serve a defendant was evaluated under Rule 41(b), Ala. R. Civ. P., to determine whether there had been a 'failure to prosecute.' Rule 41(b) provides that a dismissal for failure to prosecute, unless otherwise specified, generally 'operates as an adjudication on the merits.' Furthermore, courts have recognized that, even after the adoption of Rule 4(b), under certain circumstances, the failure to timely serve a defendant may result in a dismissal for failure to prosecute under Rule 41(b). Our Court of Civil Appeals has summarized the law on this issue as follows:

"'Before the adoption of our current Rule 4(b), [Ala. R. Civ. P.], some Alabama cases evaluated a dismissal for insufficient service of process under Rule 41(b), Ala. R. Civ. P., which provides for the involuntary dismissal of an action upon "failure of the plaintiff to prosecute or to comply with [the Alabama Rules of Civil Procedure] or any order of [the] court." See State v. Horton, 373 So. 2d 1096, 1097 (Ala. 1979) (stating that "[f]ailure to serve process within a

18

reasonable time may amount to a failure to prosecute" and may warrant a dismissal under Rule 41(b)); Crosby v. Avon Prods., Inc., 474 So. 2d 642, 644 (Ala. 1985) (stating that failure to attempt to perfect service within a reasonable time may amount to failure to prosecute an action, warranting a dismissal); Hill v. Hawkins, 582 So. 2d 1105, 1106 (Ala. 1991) (same); Coulter v. Stewart, 726 So. 2d 726, 728 (Ala. Civ. App. 1999) (same); and Reynolds v. Reynolds, 491 So. 2d 968 (Ala. Civ. App. 1986) (affirming a judgment dismissing an action more than nine months after the complaint had been filed when the plaintiff had failed to serve the defendant).

> "'"'[A] dismissal with prejudice [under Rule 41(b) for lack of prosecution] is a harsh sanction and should be used only in extreme circumstances....
>
> "'"'In Alabama and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff.'"

"'Burdeshaw v. White, 585 So. 2d 842, 847 (Ala. 1991) (quoting Selby v. Money, 403 So. 2d 218, 220 (Ala. 1981)).

"'With the adoption of the current Rule 4(b), if a plaintiff fails to perfect service within 120 days, a trial court may now dismiss an action without prejudice pursuant to that rule. However, in extreme circumstances, a trial court, pursuant to Rule 41(b), may dismiss with prejudice an action

19

for failure to effect service after the 120-day window prescribed by Rule 4(b) has expired. See O'Rourke Bros. v. Nesbitt Burns, Inc., 201 F.3d 948, 953 (7th Cir. 2000) ("'If the delay [in obtaining service] has been so long that it signifies failure to prosecute -- or if the delay entails disobedience to an order to the court -- then dismissal may be with prejudice under Rule 41(b).'" (quoting Powell v. Starwalt, 866 F.2d 964, 966 (7th Cir. 1989))); 4B C. Wright and A. Miller, Federal Practice and Procedure § 1137 (3d ed. 2002) (stating that, when service has not been perfected within the 120-day period and a district court has granted multiple extensions, "a district court may well have to decide between dismissing the plaintiff's action with prejudice under Federal Rule 41(b) and dismissing it without prejudice under Federal Rule 4(m)"); and Wagner v. Ashcroft, 214 F.R.D. 78 (N.D.N.Y. 2003) (evaluating under both Rule 4(m) and Rule 41(b) whether an action should be dismissed when a greater than three-year period elapsed without the plaintiff perfecting service).'

"State Farm Fire & Cas. Co. v. Smith, 39 So. 3d 1172, 1175-76 (Ala. Civ. App. 2009) (emphasis added; footnote omitted). See also Voltz v. Dyess, 148 So. 3d 425, 426 (Ala. 2014) (quoting Crosby v. Avon Prods., Inc., 474 So. 2d 642, 644 (Ala. 1985)) ('"Failure of a plaintiff to attempt to obtain service over the defendant within a reasonable time may amount to a failure to prosecute the action, warranting a dismissal of the case."')."

Kennedy v. Jessie, [Ms. SC-2022-0982, Oct. 27, 2023] ___ So. 3d ___, ___

(Ala. 2023) (plurality opinion).

20

In his "Objection and Response to Motion to Dismiss," Hoffman alleged:

"4. Second, service was made upon [the respondents] within 30 days of the Court's order of July 17, 2023. The order directed [Hoffman] to serve [the respondents] within 30 days of the order, but it did not say within 30 days AFTER the order. On June 13, 2023, [Hoffman], not desiring to see this action further delayed, filed an alias summons, prior to the Court's order, requesting the Jefferson County Sheriff's Department to serve the Mayor. Service on the Mayor was made on June 28, 2023. That date is within 30 days of July 17, 2023.

"5. Third, the Court's order of July 17, 2023 did not purport to rule on any matter other than the first motion to quash service that had been filed. [The respondents'] second motion to quash service was not filed until August 31, 2023[,] more than 45 days after the Court's Order. The [respondents] are currently arguing that the Court's order of July 17, 2023 should be applied to matters in the future that were not the subject of the motion ruled on. Certainly, the [respondents] could have filed a motion to quash prior to the Court's July 17, 2023 order, as service was perfected on June 28, 2023. However, [the respondents] chose to wait 56 days to contest this second effort.

"6. Fourth, [Hoffman] had no notice of the need to attempt any further service when both the Circuit Clerk[] and the Sheriff's Department reported that service was made back on June 28, 2023. [The respondents'] argument that Hoffman must achieve perfection of service without notice that service has not been perfected is illogical and unfair.

"7. Fifth, [Hoffman] has good cause to be permitted additional time to perfect service. The motion to dismiss is due to be denied based on Ala. R. Civ. P. Rule 4(b). [Hoffman]

21

has good cause for the time frame that has passed and has complied with the Court's Order. The rule states in relevant part:

"'(b) Time limit for service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint. the court, upon motion or on its own initiative, after at least fourteen (14) days' notice to the plaintiff, may dismiss the action without prejudice as to the defendant upon whom service was not made or direct that service be effected within a specified time; <u>provided, however, that if the plaintiff shows good cause for the failure to serve the defendant, the court shall extend the time for service</u> for an appropriate period.' (Emphasis added).

"The facts as noted in the record are:

"a. [Hoffman] sought to serve [the respondents] with the filing of the petition for mandamus. Service was made on March 15, 2023. There was no delay by [Hoffman]. Service was reasonably believed to be proper as it was made on the first floor of City Hall which is the same location from which the pension decision was sent to [Hoffman] by certified mail and was the same location in which [the respondents] hold out as being the base of pension operations on [their] shared … website with the City.

"b. [Hoffman] also emailed a copy of the lawsuit on March 10, 2023 to the City Attorney's office, which was known to be Counsel for the [respondents]. No motion to quash service was filed until May 4, 2023, 55 days later.

22

"c. The first notice that the service was found by the Court to be insufficient was on July 17, 2023. There was no notice that [Hoffman] must attempt further service until the Court ruled on [the respondents'] motion to quash on that date. [Hoffman] is not required to assume how the Court will rule, and he did not delay.

"d. [Hoffman] attempted to be proactive, however, to moot the service issue and perhaps save judicial time. [Hoffman], more than a month before the July 17th Order, sought service by Sheriff on the Mayor requested on June 13, 2023. Still prior to the Court's Order, the Jefferson County Sheriff's Department served the Mayor on June 28, 2023.

"e. Again, [Hoffman] had no notice that [the respondents] or the Court thought this personal service was insufficient. [The respondents] first raised this contention that service was insufficient on August 31, 2023. That delay is not attributable to [Hoffman].

"f. [Hoffman] further attempted to proactively move this litigation forward by serving discovery on [the respondents] on August 2, 2023, given that service of process was made on June 28, 2023[,] more than 30 days before.

"g. Long after [Hoffman] attempted service by Sheriff, [the respondents] now contend that service upon the City Clerk who routinely accepts service of summons for the Mayor, based on information reported by the Jefferson County Sheriff's Department, is improper. [The respondents] contend she is not an unauthorized

23

[sic] person to accept service for the Mayor. [Hoffman] did not delay.

"h. [Hoffman] has not delayed in this matter at any point and has been frustrated by [the respondents'] failure to provide any legitimate address at which certified mail can be effectuated by the United States Postal Service. Apparently there are no employees for the [respondents] and all Board Members are involved working in other occupations. Despite the statute clearly permitting service on the Board as an entity and clearly permitting service by certified mail, the same is unnecessarily difficult given [[the respondents] may always contend that no City employee may accept service, even at the very location from which the Pension is administered. As a governmental entity, [the respondents] should be required to provide a specific address and specific employee(s) authorized to accept service by certified mail. No other [d]efendant in litigation may hide within the cloak of City government to prevent service.

"i. [Hoffman] has also been frustrated by [the respondents] now challenging personal service by a Jefferson County Sheriff's deputy who was following the protocol he understood the Mayor's office desired to follow. The relevant statute does not provide any address at which personal service of process can be made. The [respondents] are not required to report this information to the Alabama Secretary of State and have not. [The respondents] utilize City employees routinely in the operation of the pension benefit, and yet simultaneously contend that the same employees are not permitted to accept service. City employees have a right to seek recourse for wrong

24

decisions made by [the respondents], and such rights are due better protection.

"8. [Hoffman] has established good cause under the rule. In the event that the Court grants the second motion to quash, [Hoffman] requests that the Court Order [the respondents] to provide a person and address at which service can be made, and/or grant Hoffman additional time to either attempt service by a specially appointed process server, and/or permit time for [Hoffman] to effectuate service upon the Alabama Secretary of State[4] when supported by affidavit from [Hoffman's] Counsel as allowed by the rules."

(Capitalization and emphasis in original.)

In this case, Hoffman argues that he "diligently prosecuted this action," Hoffman's brief at 23, and that he established good cause because "he exhibited a bona fide intent to serve the Board and System at all times and did not delay." Hoffman's brief at 14.

The facts before this Court indicate that Hoffman filed the petition for a writ of mandamus with the intent to immediately serve the respondents and that Hoffman consistently sought to perfect service of process. When the respondents filed a motion to quash service, Hoffman attempted to effectuate service for a second time through the sheriff's office "to moot the service issue and perhaps save judicial time." After

_____

    [4]Rule 4(c)(8), Ala. R. Civ. P., provides for service upon the attorney general rather than the secretary of state.

his second attempted service, Hoffman, who was under the impression that the respondents had been properly served by the sheriff's office, proceeded to move litigation forward by serving discovery requests on the respondents. Moreover, in his objection and response to the respondents' second motion to quash service, Hoffman asked the trial court to

> "deny the motion to quash, or in the alternative that the Court order that [the respondents] provide a definitive address and person able to accept service for [the respondents], by certified mail upon a designated employee through the U.S. Postal Service, and by personal service from the Jefferson County Sheriff's Department. Otherwise [Hoffman] will request a special process server to attempt service personally on the Mayor. If that fails [Hoffman's] Counsel may file an affidavit that [the respondents] 'cannot be located' due to the respondents' ability to hide within the cloak of the City and will then serve the Attorney General for the State of Alabama as provided in the Rules of Civil Procedure."

Based on the record before us, it does not appear there was a "'"clear record of delay, willful default or contumacious conduct"'" by Hoffman, Curry, 261 So. 3d at 1178 (citations omitted), or evidence of his "'"'disobedience to an order of the court.'"'" Kennedy, ___ So. 3d at ___ (citations omitted). Thus, the trial court exceeded its discretion when it granted the respondents' motion and dismissed Hoffman's petition with prejudice.[5]

_____

[5]Based on our disposition of this issue, we pretermit discussion of Hoffman's argument that the trial court erroneously dismissed his

26

<u>Conclusion</u>

Based on the foregoing, the trial court exceeded its discretion when it dismissed Hoffman's mandamus petition with prejudice. Accordingly, we reverse the trial court's judgment and remand this case for proceedings consistent with this opinion.

REVERSED AND REMANDED.

Parker, C.J., and Stewart and Cook, JJ., concur.

Sellers, J., concurs in the result, with opinion.

---

petition without providing him with at least 14 days' notice, as required by Rule 4(b), Ala. R. Civ. P.

SELLERS, Justice (concurring in the result).

I concur in the result of the main opinion, which reverses the Jefferson Circuit Court's judgment dismissing with prejudice Nicholas Hoffman's mandamus petition against the City of Birmingham Retirement and Relief System ("the System") and the Board of Managers of the System ("the Board") (collectively referred to as "the respondents"), based on lack of proper service. The record reveals that the Board sent Hoffman two certified letters denying his claims for extraordinary disability benefits and ordinary disability benefits, respectively. Hoffman filed a petition for a writ of mandamus seeking review of the Board's decision pursuant to Ala. Code 1975, § 45-37A-51.139, (Local Laws, Jefferson County). That statute provides that the petition "may designate the board as respondent or the members thereof as respondents" and that "[e]ach respondent shall be served with process, unless the respondent or his or her or its attorney accepts service." Rule 4(c)(8), Ala. R. Civ. P., provides that service of process upon local governments and other governmental entities is established by serving the "chief executive officer or the clerk." Hoffman complied with the law and attempted service by certified mail and also utilized the services of

28

the sheriff's office to perfect service. Importantly, counsel for Hoffman also emailed a copy of the petition for a writ of mandamus to Jay. P. Turner, the city attorney for the City of Birmingham ("the City"), who represents the respondents. Several email exchanges occurred between the attorneys regarding the respondents' failure to file an answer or to otherwise respond to Hoffman's petition. According to Hoffman, Turner "brusquely responded [to Hoffman's counsel] that he would file a motion to quash service." Hoffman's brief at 24. After Hoffman filed a motion for a default judgment based on the respondents' failure to answer, Turner did, in fact, file a motion to quash service. It is undisputed that the purpose of service is to give notice of an action to a defendant. Hughes v. Cox, 601 So. 2d 465, 470 (Ala. 1992). In my opinion, the actions of the respondents indicate that they had actual knowledge of Hoffman's petition seeking review of the Board's decision. Yet, rather than exercising good faith and responding to the petition on the merits, the respondents evidenced an intent to subvert justice, presumably by allowing and designating employees to receive service and then arguing that those employees had no authority to do so. As Hoffman points out, he served the petition for a writ of mandamus by certified mail at the

29

same address that was listed on the Board's letters denying his claims, and the respondents use the same address as the City, share a telephone number with the City, and share a website with the City. One of the hallmarks of any going concern, like the respondents here, is the ability to sue and be sued. Indeed, the nature of the respondents' work anticipates that legal action will be necessary. Although a defendant has no duty to make itself an easy target of litigation, governmental entities, like the respondents here, should not make it difficult for plaintiffs to perfect service by obfuscating the means to do so. Thus, if a large organization, such as the Board or the System, does not have someone officially authorized or otherwise designated to accept service, yet someone within the organization accepts service or signs a receipt acknowledging service, then courts should factor that into consideration to find that service has been perfected. See Reeves v. Wilson Floor & Wallcovering, Inc., [Ms. SC-2023-0410, Jan. 19, 2024] ___ So. 3d ___, ___ (Ala. 2024) (Sellers, J., concurring in the result) ("In my view, service of process on a corporation via certified mail is perfected when an officer or other agent authorized to accept service gets actual notice, which can be substantiated through evidence, that the corporation is being sued.

30

Thereafter, the defendant should not be allowed to rely on a technical defect in the certified-mailing procedure. To protect its rights and avoid the entry of a default, a defendant with actual knowledge of an action against it must answer the complaint or otherwise defend."). Accordingly, in addition to reversing the judgment of the trial court dismissing Hoffman's action with prejudice, I would direct the trial court to acknowledge that service was perfected on the respondents and to proceed to determining the merits of the case. I see no need to require Hoffman to attempt service a third time. I thus concur in the result.